JACKSON, *ex dem.* WALLACE AND OTHERS, *against* CARPENTER.

THE SAME, *ex dem.* The SAME, *against* WEAVER.

THESE were actions of ejectment, tried at the last *Cayuga* circuit, brought for the recovery of lot No. 2. in the township of *Dryden*, in the military tract. Verdicts were taken for the plaintiff, by consent, subject to the opinion of the court on the following case: One *William Adams*, a soldier in the first *New-York* regiment, in the revolutionary war, was entitled to, and drew, the lot in question. On the 23d of *February*, 1784, he conveyed the said lot to *George Bartholomew* and *John Fisher*, in fee, by an assignment on the back of his discharge, which was filed on the 1st of *September*, 1794, and duly recorded. *Adams*, at the time of executing the conveyance, was an *infant*, being the age of 19. On the 24th of *August*, 1796, *Adams* conveyed the premises to the lessors of the plaintiff, being then aged 31, by deed of bargain and sale, which was registered in the clerk's office of *Cayuga* county, on the 17th of *September*, 1796. The defendants were in possession of the premises at the commencement of these actions, and claimed under the assignment to *Bartholomew* and *Fisher*.

*An entry is not, in all cases, requisite by a grantor, to avoid a deed executed by him during his infancy. Where an infant, in 1784, conveyed lands in the military tract, and afterwards, in 1794, having arrived to full age, conveyed the same lands to another person, and such conveyance was registered, it was held that the land being waste and uncultivated, was not concluded by the lapse of time, and that an entry was not necessary to avoid the former deed, which (not being a feoffment) might be avoided by a deed of the same nature and equal notoriety.*

*Lush*, for the plaintiff. If the ancient mode of conveyance by livery of seisin, was still in use, perhaps a re-entry might be necessary to avoid a previous conveyance made during infancy. But since the statute of uses, a deed of bargain and sale is tantamount to a livery of seisin, and a subsequent deed must be considered as equivalent to a re-entry, if it were necessary. But, we contend, that even at common law, a re-entry was not necessary in any case, except to avoid a fine. This was so held by Lord *Mansfield*, in *Goodright* v. *Calor*,* who said he had looked into all the cases for 200 years back, and that it was so settled by all the judges, upon deliberation, in 1703, and such had been the practice ever since.

* *Doug.* 21. 285. *Little* v. *Heaten*, *Lord Raym.* 750. 1 *Salk.* 259. S. C. 3 *Burr.* 1897.

Though a feoffment by an infant is voidable, yet grants, releases, surrenders, &c. are void *ab initio*, of which all persons

JACKSON
v.
CARPENTER.
\* *Thompson* v.
*Leach, Carth.*
436. 3 *Mod.* 301.
3 *Co.* 42. b.
† 8 *Co* 42. b.
‡ 4 *Johns. Rep.*
297.

§ 1 *Johns. Cases,*
221.

may take advantage,\* and if an infant, seised in fee, make a feoffment and die, his heir may enter.†

This precise question was raised and argued in the case of *Jackson, ex dem. Dunbar,* v. *Todd,*‡ but the court did not think it necessary to decide it then.

But admitting, even, that by the law of *England,* the entry of the infant is necessary to avoid his deed, would this court apply that rule to the wild and unsettled lands in this state? How was the patentee in this case to find the lot? It had not been surveyed. Even the surveyor general could not find it. In *Saltonstall* v. *White,*§ the court said the rules as to the proceedings in case of vacant possession, in *England,* were not to be applied to the wild lands of this country.

¶ *Zouch* v.
*Parsons,* 3 *Burr.*
1802.

*A. Van Vechten,* contra. The instrument under which the lessor claims was voidable merely. The acts of an infant, which do not touch his interest, and which he is bound by law, or compellable to perform, are binding; but acts which concern his interest are voidable.¶

Admitting that an entry was not necessary, after arriving at full age, yet a second deed cannot be regarded as tantamount to such entry. After the bargain and sale, the infant had nothing but a bare right of entry remaining; and a mere right of entry is not the subject of a conveyance.

The question is, whether the deed is void, or voidable only; and whether it is voidable depends on the solemnity of the instrument, or upon the semblance of benefit to the infant, on the face of the deed. It is laid down, that such grants or deeds of an infant as do not take effect by delivery of his hand, are void; and deeds and grants, made by matter of deed, or in writing, which take effect by delivery of his hand, are voidable

\*\* *Perk,* s 12.
3 *Burr.* 1804.
*Zouch* v. *Par-
sons.*

by himself and his heirs.\*\*

The deed here was for a pecuniary consideration, and took effect by delivery of his hand, and passed all the right and title of the infant, together with the possession, by virtue of the statute of uses, subject only to be avoided, afterwards, by him, or those claiming under him. Now, the mere execution of another deed cannot avoid a prior solemn deed delivered, and which transferred both the right and the possession. Surely the court will require something more solemn; if not by entry, at least by pleading, or bringing an action of ejectment. An estate de-

pending on a condition is good, until the condition is perform-ed by which it is to be defeated.*

Though an infant, after coming of age, may avoid a deed given during infancy, yet this may not be done at any time afterwards, but must be done in a reasonable time. Here, the second deed was given 12 years after the first, and 10 years after the grantor came of age ; this certainly cannot be deemed a reasonable time.† If the infant does not, within a reasonable time after arriving at full age, avoid his deed, his silence is construed into an acquiescence, or tacit consent to, and confirmation of, the bargain and sale. The privilege given by law to infants, is intended as a shield for their protection, and is not to be used as a sword, to the injury and annoyance of others.

NEW YORK, October, 1814.

JACKSON v. CARPENTER.

* Shep. Touch. 132.

† Cro. Jac. 320. 3 Bac. Abr. 145. n 3. 3 Burr. 1719. 2 Vent. 203.

YATES, J. delivered the opinion of the court. The question presented for the consideration of the court is, whether the first deed, executed by *Adams* during his minority, can be avoided by the second deed, executed after full age, without an actual entry.

I am inclined to think, that an entry is not necessary, and that the deed given by him while an infant, may be avoided in various ways, without such entry, at any time, unless bar~ed by the statute of limitations. He might plead infancy, and there is nothing to prevent his proceeding by an action of ejectment, in which he could avail himself of it by proof. To say that the mere form of an entry would be indispensable to secure his right of action, it appears to me would be insisting on an act entirely useless, and by which no possible benefit could be extended to the party claiming under the conveyance executed by the infant.

This court have said, that the rules, as to proceedings in ejectment for a vacant possession in *England*, do not apply to the new or unsettled lands of this country ; it might, perhaps, with equal propriety be said, that the doctrine of actual entry, to avoid a deed given by an infant for new and unsettled lands, is equally inapplicable, and ought to be insisted on only so far as it comports with the principles which gave rise to its introduction.

The doctrine, requiring an actual entry to avoid a feoffment and livery made by an infant, does not apply to a bargain and sale. It is true, the one has been substituted for the other, to pro-

mote convenience, yet both are not attended with the same solemnities. In *Bac. Ab.* tit. Infancy, 136. (and which is recognised in the books as the law on the subject,) it is stated, that where an infant makes a feoffment and livery in person, he shall have no assize, &c. but must avoid it by entry; for it is to be presumed, in favour of such solemnity, that the assembly of the *pais*, then present, would have prevented it, if they had perceived his nonage; and, therefore, the feoffment shall continue until defeated by entry, which is an act of equal notoriety.

The conveyance given by the infant, in this instance, was not attended with all the solemnities of a feoffment and livery, and, according to this principle, is subjected to be defeated by an act, after he arrives of full age, of the same description, and of equal notoriety with the conveyance. This was done by giving the second deed, followed by circumstances of greater publicity, and whereby more effectual notice was given to the opposite party than a mere entry could possibly have afforded to him. The second conveyance was made the 24th of *August*, 1796, and was recorded the 17th of *September*, in the same year, or within one month after its date; and, if notice is necessary, this record ought to be deemed sufficient. Its operation was general, and was, in fact, notice to all the world, being a public record, open to the inspection of every one; so that, in contemplation of law, the adverse party had better and more effectual information than probably would have been given by an entry on vacant and uncultivated land; for it is a fact, well known, that the military tract at that time was a wilderness. The court, therefore, will not view the performance of an act, perfectly useless, as indispensable on the part of the infant, after full age, to avoid his deed; nor does the law enforce or require it

It is objected that here has been an acquiescence for so long a time after the infant arrived at full age, that it amounted to a confirmation of the first conveyance, before the second was executed.

The cases cited by the defendant's counsel, to this point, do not support it to the extent contended for. In all of them it appears that some act of the infant, after he is twenty-one years of age, is required to evince his assent; they are only instances of purchases made, or leases given, rendering a rent by which either the continuance in possession, or receipt of the rent re-

served, shows his assent afterwards. *Bacon*, (3 *Bac. Ab.* 145. *n.* 8.) also cited by the defendant's counsel, states that the privilege the law allows infants is entirely for their benefit; hence, at their full age, they are allowed to ratify and confirm their contracts, or to rescind and break through them, as it shall seem most for their advantage; and, therefore, the purchase of an infant is only voidable, and vests the freehold in him till he disagrees thereto, and his continuing in possession after he comes of age is a tacit consent and confirmation thereof, since it is to turn to his advantage. In the present case, no act of the infant appears since he arrived of full age, by which this assent could be inferred, except mere omission. He has possessed no property, nor has he received rent. The confirmation of this sale, consequently, can, in no point of view, turn out to his advantage, nor can his neglect to do any thing from 1784 until 1796, destroy his title. It would be contrary to the benign principles of the law by which the imbecility and indiscretion of infants are protected from injury to their property, that a mere acquiescence, without any intermediate or continued benefit, showing his assent, should operate as an extinguishment of his title.

In *Frost* v. *Wolverton*, (1 *Strange*, 94.) an infant covenanted to levy a fine by a certain time, to certain uses; and before he came of age he levied the fine, and by another deed, made at full age, he declared it to be to other uses; the court held that the last deed should be the one to lead the uses.

I cannot discover that the distinction taken between the operation of a void or voidable deed will affect the plaintiff's title. Admitting that the first deed was merely voidable, and that the possession and the right during its operation were separated, if the reasoning, as to the effect of the second deed, is correct, this separation ceased to exist the instant that deed was executed, in the same manner as it would have been terminated by an actual entry; for the execution of this conveyance is as strong an expression of the intention as an entry would be on lands in a state of nature; the second deed, consequently, evinced the intention, and passed the estate to the lessors at one and the same time, and who, according to the demises laid in the declaration, are entitled to recover.

Judgment for the plaintiff.