Wilde, J.,
delivered the opinion of the Court. This case tu’.ns on a question of property, depending upon two sales of cattle, made by the plaintiff to one A. J. S. G. Lithgow. It has been contended, that these sales were void ab initio, the said Lithgow being a minor, not capable by law of making a valid contract.
Doubtless an act merely void may be treated as a nullity by either party, and even by a stranger. Some acts of infants are of this description ; and it has been said, that all such as are apparently *196 prejudicial to his interests are to be so considered. Thus, a grant, surrender, or lease, by an infant, without reservation of rent, have been adjudged void ; such acts being apparently to the infant’s prejudice. But in the case of Zouch vs. Parsons, (1) they were held to be voidable only ; and for reasons which seem very cogent and satisfactory.
It would be more correct, therefore, to say, that those acts of an infant are void which not only apparently, but necessarily, operate to his prejudice. The benefit of the infant is the great point to be regarded ; the object of the law being to protect his imbecility and indiscretion from injury, through his own imprudence, or by the craft of others.
The general rule is, that infancy is a personal privilege, of which no one can take advantage but the infant himself; and, therefore, that his contracts, although voidable by him, shall bind the person of full age. This rule seems to require that all contracts of infants should be held voidable, rather than void. But, however this may be, all the books agree that those which are beneficial, or have a * semblance of benefit, to the infant, are only voidable.
Of this character are all sales made by persons of full age to infants. These have at least the semblance of benefit to the vendees. No case can be found in which such a sale has been held void, or voidable by the vendor, on the ground of the vendee’s infancy. Even a feme covert, whose conveyances and other contracts are clearly void, may purchase an estate without the consent of her husband ; and the conveyance will be good, until avoided by him during coverture, or by her after his death. (2)
Most clearly, then, the sales under consideration are not void.
But it has been further argued, that these sales, if voidable, may be avoided by the plaintiff, Clap, by virtue of his authority as guardian of the minor. No case has been cited in support of this position ; and we know of no position of law by which it can be maintained. The authority and interest of a guardian extend only to such things as may be for the benefit and advantage of the ward. If an infant makes a contract from which he derives a benefit, it cannot be avoided by his guardian ; for this, being injurious to the infant, would be a violation of the guardian’s duty. (3) The rule of the civil law is, that pupils may better their condition, but not impair it, without the authority of their tutors. (4)
But, should it be admitted, that a guardian may avoid the contracts of his ward, made without his consent; it will hardly be contended, *197 that he can be permitted to do it, when the contract, at the time of making it, was confirmed by his assent. Now one of the sales under consideration was made by Clap, the guardian, and his assent is manifest from the act itself. There is no positive proof of Clap's assent to the sale by Oliver; but there is abundant evidence from which it may be inferred, and which ought to have been submitted to the jury, if such assent be material to the issue.
* As the direction to the jury was not conformable to these principles, the verdict must be set aside, and a

Jf no trial granted.

[Reed vs. Batchelder, 1 Metcalf, Rep. 559, and cases cited. — Ed.]

 3 Burr. 1794.

 2 Black. Com. 293. — Co. Lit. 3. a.

 Bac. Abr. Tit. Guardian, G.— Co. Lit. 17. b.; 89.

 Instit. tit. De Auctor. Tut.