Lipscomb, J.
This suit was brought by Williams against Reynolds, to recover damages, for violently, and with force and arms, entering the close of the plaintiff and pulling down and carrying away in wagons a large quantity of corn thereon standing.
On the trial it was proven that Williams had leased the premises on which the supposed trespass was committed, to one Mclnturff for one year, which had not expired when the trespass was alleged to have been committed, and that his tenant was in full and entire possession. It was also proven that Reynolds, the defendant, had purchased corn of Mclnturff and that he had sent his wagons for it; that Mclnturff himself pulled down his draw-bars and invited the wagoner to drive in; and that he assisted to load the wagon with corn. The proof showed that there was no written contract of lease, but that Mclnturff was to give Williams seventy-five dollars or its equivalent in corn at cash price, for the rent; and that Mclnturff had counted off one hundred rows of corn, and told Williams that it should not be disturbed until he had given him security for the rent. This is all the testimony which it is necessary to notice. There was a verdict for the plaintiff and Reynolds appealed. On the trial the judge charged the jury in substance that as Mclnturff, the lessee of the plaintiff, was in possession of the premises, and had the entire control of the same, and as the gist of the action was for the forcibly entering the close so in his possession, the plaintiff had no right of action. That for any arrangement he, the plaintiff, had with Mclnturff, his recourse was on him. In this, the court declared the law correctly. *(224) The tenant being in the possession, the right of. action was in him for any trespass committed on the premises, and the entry being by his consent, there was no trespass committed.
The verdict of the jury was contrary both to the law and evidence, and according to the opinion of the court in the case of Foster and Foster, decided during the present term, the judgment must be reversed, although a motion for a new trial was not made and overruled, which it is believed ought to have been shown. In the case cited, it was said by the court that the practice had been so uniform, to bring up cases of this description for revision, without a motion for a new trial being made and overruled in the court below, that what was considered to be the correct practice would not be enforced, in cases decided previously to that time in the lower courts; but new cases of this description would not be revised unless the motion had been made and overruled; and that then the statement of facts must be full and complete.
The latter part of the charge of the judge in the case before us was wrong. He directed the jury “ to find a verdict for the defendant.” It was going too far; it is doubtless what the jury ought to have done from the previous part of his charge on the law of the case. It was his duty only to declare the law; this he had done, and that correctly. He had no right to tell them that they must find a verdict for either plaintiff or defendant. If the jury disregarded his charge on the law, it was his duty promptly to set aside their verdict. The judgment is reversed, the cause remanded.