## JOHN DAVIS *vs.* LEWIS H. CALDWELL.

Whether certain articles furnished a minor were necessaries or not, is generally a question of fact for the jury, depending on all the circumstances of the case; the two principal circumstances being whether the articles were suitable to the minor's estate and condition, and whether he is without other means of supply.

ACTION on an account annexed to the writ for sundry family groceries, amounting in all to $41.31, to which the defence was infancy. The parties submitted the case to the court of common pleas, and on appeal to this court, upon an agreed statement of facts, from which it appeared that at the time of the sale and delivery of the articles, the defendant was a minor, under guardianship, having a wife and family, and was a housekeeper, and that the goods were sold to him for the purpose of being used, and were used in his family, and that at the same time the defendant purchased furniture and crockery at other places, which were also used in his house, but without the knowledge or consent of his guardian, who had property of the minor in his hands, which latter fact was known to the plaintiff at the time the goods were furnished.

*N. S. Howe*, for the plaintiff.

*A. Kittredge*, for the defendant.

SHAW, C. J. To a suit upon a bill for groceries to an amount under fifty dollars, the defendant sets up the defence

of infancy, to which the plaintiff replies that the goods sold were necessaries for the defendant and his family.

The circumstance that a defendant is married, does not take away the disability of infancy, or deprive him of defending on that ground, unless the articles supplied were necessaries for himself and family. *Taunton* v. *Plymouth*, 15 Mass. 203.

This case has been argued as upon a statement of facts, supposing that a question of law only was submitted. But we think the parties have not furnished us with all the facts, necessary to the decision of the case. The only evidence relied on, to show that the goods supplied were necessaries, is, the concession of the defendant, that the goods enumerated and sued for, were supplied, and the fact, that from the nature of the goods, that they were proper and suitable to the use of a family, and that the defendant, though a minor, was married and a housekeeper. But it is also conceded, on the other side, that the defendant was under guardianship, and had property in the hands of his guardian, and that known to the plaintiff; but of what nature, to what amount, whether the guardian consented or declined to apply the property of the ward to his necessary support, does not appear, and these are all important in determining the question, whether the articles were necessaries or not. The term "necessaries," in this rule of law, is not used in its strictest sense, nor limited to that which is required to sustain life. That which is proper and suitable to each individual, according to his circumstances and condition in life, are necessaries, if not supplied from some other source. But when suitable provision is made, by a parent or guardian, or where, from any source, the wants of a minor are supplied, articles furnished by a trader to the minor, on his own credit, are not necessaries, and of this the trader must take notice and inform himself.

From this view it necessarily follows, that in most cases, the question, whether necessaries or not, is a question of fact for the jury, depending on the circumstances; and the two principal circumstances are, whether the articles are suitable to the minor's estate and condition, and whether he is, or not, without other means of supply. *Hands* v. *Slaney*, 8 T. R.

578. This subject has been fully discussed and considered in several modern cases. *Peters* v. *Fleming,* 6 Mees. & Welsb. 42. Two cases reported together, *Wharton* v. *Mackenzie,* and *Cripps* v. *Hills,* 5 Ad. & Ell. N. S. 606. In these cases, it is held, and we think this is the true view of the law on this subject, that whether the articles sued for, were necessaries or not, is a question of fact, to be submitted to a jury, unless in a very clear case, when a judge would be warranted in directing a jury authoritatively, that some articles, as for instance, diamonds or race-horses, cannot be necessaries for any minor.

In the present case, not only the fact is not agreed, whether these articles were necessaries, but the circumstances are not agreed upon, from which an inference of fact, if we had authority to make such inference, could be drawn. We are, therefore, of opinion, that the agreed statement of facts must be discharged, and the case stand for trial.