GEORGIE PARSONS v. KEYS & McKNIGHT.

1. INFANTS, LIABILITY OF, ON CONTRACTS.—While infants are liable for necessaries, purchased by them when not supplied by the parent or guardian, they are not bound by an agreement to pay a particular sum. Whether the articles purchased were necessaries,

43  557
74  297
43  557
31a 256

and whether the sum agreed to be paid was a fair price, are questions to be determined by the court.

2. BURDEN OF PROOF.—In a suit against one to recover the price of necessaries sold the defendant during minority, the burden of proof is on the defendant to show that the minor was properly supplied by the parent or guardian when that fact is relied on as a defense.

APPEAL from Rusk. Tried below before the Hon. J. W. Pope, special judge.

Suit by Keys & McKnight, against Georgie Parsons, brought in 1871, for goods claimed in the petition to have been necessaries, sold and delivered to Mrs. Parsons in 1861–'62. She set up her minority at the time of the purchase as a defense, and alleged that she then had a guardian of her person and estate. The character of the guardianship is not disclosed by the evidence; nor does it appear that she was supplied with necessaries by any one. Counsel for defendant requested the court, in effect, to charge the jury, among other things, that the law presumed that the guardian had performed his duty, and had furnished his ward with necessaries, and that, in the absence of evidence on that point, they should find for defendant. The refusal of the court to give this charge was assigned as error.

The verdict rendered for plaintiffs was for a less sum than that claimed. Judgment accordingly, from which defendant appealed.

*Martin Casey,* for appellant.

*N. G. Bagley,* for appellees.

IRELAND, ASSOCIATE JUSTICE.—This suit was brought by appellees to recover on an account for goods sold to appellant while she was single and a minor.

There is a plea of minority, of payment, and that she had a guardian at the time the account was made. The proof shows that she had a guardian, but whether of her estate

or person does not appear. It is also shown by the evidence that she was about fifteen years of age when she got the goods; that she had a mother living, and that appellees knew she was a minor. It does not appear whether the guardian or mother either proposed to supply her needs, or that they refused to do so.

It is alleged that the articles purchased were necessaries and suitable to the rank and station of appellant.

The account sued on, amounting to $121, was clearly proven, and defendant says in her deposition that she remembers purchasing some of them, but does not in her testimony deny any portion of the account; she also says, "I think those I purchased were suitable for me as a member of society."

It is very clearly settled that a minor may be held responsible for necessaries. (40 Tex., 32.)

Tyler on Infancy and Coverture, p. 99, chap. 7, says: "It is clearly agreed by all the books and authorities that the contract of an infant for necessaries is neither void nor voidable." He cites 1 Parsons on Contracts, 244.

If a minor be living with the father, and is supplied by the father, he cannot be made liable. And it has been held that an inquiry into that fact was not a condition precedent to the right of recovery. (Tyler, p. 102, citing Dalton *v.* Gib, 35, Eng. C. L. R., 49; Bradshaw *v.* Eaton, 7 Scott R., 183.)

From these last authorities it would appear that the burden of proving that the parent supplied the minor would devolve on the defendant. Some confusion has arisen as to the liability of minors from the general doctrine that *contracts* of infants are either void or voidable. This expression is mainly true with reference to express contracts. While infants are liable for necessaries, they are not liable on their contract for a price certain, or on a bill or note for the amount. The law has reserved to the courts the right to determine whether the thing purchased was necessary,

and whether the price was a fair one.—(Stone *v*. Dennison, 13 Pick. R., 1.)

There was a question raised on the trial as to the liability of the guardian and not the minor. Of course, if the minor was liable, her estate was also, if she had any.

The only liability on the part of the guardian was as a trustee; and his liability, if there was any, would not relieve the ward, and especially after her majority.

But it does not appear by plea or the proof whether the guardianship was of the person or estate.

The proof was conflicting as to the alleged promise by appellant after her majority to pay the account.

The plaintiff proved the promise, and the defendant expressly denied it in her testimony. The refusal of the court below to give certain instructions on this point is complained of.

It is very clear that the jury did not find on the promise, but only for necessaries. This is shown by the amount of the verdict. The questions were fairly submitted to the jury, and we find nothing in the record of which appellant can justly complain, and the judgment is affirmed.

AFFIRMED.