## PRICE ET AL. *v.* JENNINGS.

62   111
124   110
62   111
142   536

MECHANIC'S LIEN.—*Material Man.—Action Against Subsequent Purchaser.— Pleading.*—In an action by a material man, against A. and his wife and B. and her husband, to enforce a lien, the complaint alleged, that, at a date specified, the plaintiff had furnished to A. certain material to be, and which was, used in the erection of a building on a certain lot belonging to A. ; that, within sixty days thereafter, the plaintiff had caused a proper notice of his intention to hold a lien on said premises for the value of said materials to be duly recorded; and that A. and his wife had thereafter conveyed said premises to B.

*Held,* on demurrer, that the complaint is sufficient.

SAME.—*Answer by Purchaser, that the Builder was an Infant.—Disaffirmance.*—B. answered in such action, alleging, that, without notice of the plaintiff's claim, she had purchased, and received a conveyance for, said premises, from A., and had caused such conveyance to be duly recorded; and that A., at the date such materials had been furnished, was an infant, and had since, in the action at bar, disaffirmed the contract of purchase of such material, by pleading his infancy.

Price *et al.* v. Jennings.

*Held*, on demurrer. that B. had the right to avail herself of the infancy of A. as a defence, and that the answer is sufficient.

SAME.—*Infant Holding Himself Out as of Age.*—*Necessaries.*—*Conveyance.*— The plaintiff in such action replied to such answer, alleging, that, at the time said materials were furnished, A. had held himself out as of full age; that the plaintiff had no information to the contrary; that the conveyance by A. to B. was made without consideration; and that the materials furnished were necessaries.

*Held*, on demurrer, that such materials were not necessaries, that the fact that A. had held himself out as being of full age was immaterial, and that the reply is insufficient.

SAME.—*Evidence.*—*Declarations and Admissions of Infant as to his Age.*— *Title to Real Estate.*—The admissions or declarations of A., that he was of full age, though made while the title to such land was in him, are not admissions affecting such title, and are incompetent evidence against B., in such action.

From the Henry Circuit Court.

*J. Brown, J. M. Brown* and *R. L. Polk*, for appellants.

*M. E. Forkner*, for appellee.

PERKINS, J.—Complaint against Benjamin G. Price and —— Price, his wife, Charles T. Price and Lydia M. Price, his wife, alleging, that, on the 1st day of September, 1875, said Benjamin G. Price was the owner in fee of certain real estate (particularly describing it) ; that, between the said 1st day of September and the 21st day thereof, said Benjamin was engaged in building a dwelling-house on said real estate, and that the plaintiff sold and delivered to said Benjamin, between the two dates aforesaid, building materials to be used in said house, of the value of four hundred and eighty-nine and 21-100 dollars. The plaintiff further alleges, that, on the 6th day of October, 1875, he filed a notice of intention to hold a lien on said property for the price of said materials, and he makes a copy of said notice an exhibit in said complaint, and avers that the notice was duly recorded, on said 6th day of October, in the record of mechanics' liens, etc. The plaintiff further alleges, that, since the recording of said notice of

lien, the said Benjamin and wife have sold said real estate. to Lydia M. Price, one of the above defendants, and that. she claims to be the owner, etc., and that her husband is. the above named defendant, Charles T. Price. The plain-- tiff prays a foreclosure of the mechanic's lien, etc.

A demurrer to the complaint was overruled, and ex- ception entered.

Answer by all the defendants, the general denial.

Separate answer of infancy by Benjamin G. Price, to which a demurrer was overruled.

Lydia M. Price answered separately, that, on the 4th day of October, 1875, she purchased said real estate of Benjamin G. Price, for a valuable consideration, without notice of any lien, receiving a conveyance, which she caused to be duly recorded; that said Benjamin was an infant when he purchased said materials for said house; that they were not necessaries; and that he had disaffirmed said contract of purchase by pleading his infancy in this action.

A demurrer to this paragraph of answer was overruled, and exception entered.

A reply in two paragraphs was filed:

1. General denial;

2. That, at the time said Benjamin purchased the ma- terials, he held himself out as being of age, etc., and that plaintiff had no information that he was not; that the materials were necessary for and were actually used in the house; that said Lydia received the conveyance of the real estate without consideration, etc.

A demurrer was overruled to this second paragraph of reply, and exception noted.

A trial by jury followed, resulting in a verdict for the plaintiff for the amount of his claim, and a decree that the mechanic's lien be foreclosed against the property; but no personal judgment against any defendant was rendered.

A motion for a new trial was overruled, and exception

reserved.   The evidence is in the record.   Errors are properly assigned in this court.

The complaint in this case was sufficient.   It averred that the materials were furnished for the particular building.   *Crawford* v. *Crockett*, 55 Ind. 220.

The court erred in overruling the demurrer to the second paragraph of reply.   That reply was based upon two erroneous theories :

1.   That an infant may be legally liable on his contracts, if he simply holds himself out as of age when making them ;

2.   That material for building a house is a necessary, within the meaning of the law making infants liable for necessaries.

Neither of the above mentioned theories is correct. As to the first, *Carpenter* v. *Carpenter*, 45 Ind. 142, is in point.   As to the second, see *Price* v. *Sanders*, 60 Ind. 310.

It has been held to be the general rule of law, that none but the maker of a voidable contract and his personal representatives and privies in blood could avoid it, but this has been doubted in this State in cases of usury.   *Cole* v. *Bansemer*, 26 Ind. 94.   And privies in estate may do so with the maker's consent, and may avail themselves of his avoidance when it has taken place.   *Borum* v. *Fouts*, 15 Ind. 50.

It is assigned for error that the court erred in overruling the motion for a new trial.   A ground on which the motion was made was, that the verdict was not sustained by the evidence.   The jury found that Benjamin G. Price was over twenty-one years of age.

The evidence on this point was as follows :

Benjamin G. Price, Elizabeth Rhodes, Eliza Hunt, Eliza Senex and Lydia M. Price, the mother of Benjamin G., testified, that said Benjamin G. was born in the Summer of

1855. Eliza Hunt, who was with his mother at his birth, and others of the witnesses who visited her immediately after his birth, fix the 9th of June, 1855, as the day of his birth. These witnesses are clear, positive and circumstantial in their statements.

On the other hand the plaintiff proved that said Benjamin G. had said to divers persons that he was over twenty-one years of age, to some of them that he was twenty-three, to some that he was twenty-four, etc. The evidence was clear enough that he was an infant.

The judgment is reversed, with costs, and the cause remanded for a new trial.

## ON PETITION FOR A REHEARING.

PERKINS, J.—In September, 1875, the building materials were furnished for the house mentioned in the complaint; the house and lot on which it is situated were the property of Benjamin G. Price, and he purchased the materials of the appellee, Jennings.

On the 4th of October, 1875, said Benjamin G. sold said property to Lydia M. Price for a consideration, and executed to her a deed therefor. On the 6th day of said October, a mechanic's lien was filed. On the 2d day of November, 1875, the suit in this case was commenced. It was tried on the 13th of December, 1875. There was no personal judgment, but simply a decree *in rem*, enforcing the mechanic's lien against the property, then owned by said Lydia M. Price, a purchaser from Benjamin G., the builder of the house.

The only evidence in the cause, tending to prove that said Benjamin was of age, was the proof of his admissions. These were evidence against him and would have authorized a personal judgment against him. But the proof of these admissions was not evidence against Lydia M. Price, the owner. It is true that the declarations or admissions

of the former owner of the property, made while he was such owner and in possession of the property, touching the condition and title of the property, may be given in evidence against a purchaser from such owner. But in this case the admissions given in evidence against the purchaser were not concerning the character or title of the property in litigation, but concerning the person of the former owner. Admissions proved by third parties are, as a rule of law, to be regarded with caution, as an unsatisfactory species of evidence, and especially so when to be used, not against the party making the admissions, but against a third party, as to whom they constituted mere hearsay evidence, and we are not inclined to extend the rule as to the admission of this species of evidence so as to embrace subjects not heretofore clearly within it. Such evidence in this case was not admissible against Lydia M. Price ; hence, there was no evidence against her of the fact that Benjamin G. was an adult, while the proof was clear that he was not such. See the cases on this subject in our State, collected in Davis' New Indiana Digest, vol. 1, p. 532, *et seq.*

The petition is overruled.

Original opinion filed at November term, 1877.

Opinion on petition for a rehearing filed at May term, 1878.