Shrock *et al. v.* Crowl.

No. 8821.

SHROCK ET AL. *v.* CROWL.

INFANCY.—*Contract.— Disaffirmance.— Mortgage.— Pleading.—Vendee of Infant.*—Where an infant mortgagor has, in a suit against him and his vendee to foreclose, pleaded his infancy, he thereby avoids and renders his mortgage void *ab initio*, and a separate answer by the vendee, alleging such infancy and avoidance, is good.

SAME.—*Privies in Estate.*—Infancy can only be pleaded by the infant, but when he has by plea, or otherwise, avoided his contract, then his privies in estate may avail themselves of such avoidance.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer*, for appellants.

*S. J. North,* —— *Higbee, J. H. Carpenter* and *J. W. Cook,* for appellee.

BLACK, C.—This suit was brought by the appellee upon a promissory note, made to him by Perry Wilden and Margaret E. Wilden, his wife, and to foreclose a mortgage on certain real estate in Kosciusko county, in this State, executed by said makers to said payee, to secure said note.

Jacob B. Shrock and Charles Knorr, who are the appellants, were made defendants with said mortgagors, it being alleged that, after the making and recording of the mortgage, the mortgagors had sold and conveyed said real estate to said Shrock, who was still the owner thereof, and that said Knorr was in possession thereof as tenant of said Shrock, under a lease for a term of years.

The mortgagors and the appellant Knorr appeared, and answered, that, at the time of the execution of the note and mortgage mentioned in the complaint, the defendant Perry Wilden was under the age of twenty-one years.

The appellee then dismissed the cause as to Perry Wilden and his wife, and thereupon Knorr withdrew his answer, and demurred to the complaint.

It was then shown to the court that there was a mistake in the name of the appellant Shrock in the complaint, and, leave

having been given to amend, an *alias* summons was issued for Shrock. At the next term, Shrock appeared and demurred to the complaint. His demurrer and that of Knorr were overruled, and they then filed their joint answer, alleging that, when said note and mortgage were executed, said Perry Wilden was seized in fee simple of the real estate mentioned in said mortgage, and was an infant, under the age of twenty-one years, and that afterward, on the 1st of March, 1878, "said Perry Wilden, then a defendant to this suit, as to whom the same has since been dismissed by the plaintiff herein, filed his answer in this cause, wherein, as a defence to this suit, he alleged that, at the time of the execution of said note and mortgage, he, the said Perry, was under the age of twenty-one years; whereby the said Perry then and there avoided and made void said note and mortgage. Wherefore these defendants say that the plaintiff ought not further to have and maintain his suit."

To this answer the appellee demurred. The demurrer was sustained, and, an exception having been taken to this ruling, issues of fact were formed by further answer and reply. There was a trial before the court, which resulted in a finding for the appellee, and thereupon there was judgment of foreclosure.

The only error assigned is the ruling of the court sustaining the demurrer to said joint answer of the appellants.

Where a voidable contract of an infant is disaffirmed by him, it is rendered void *ab initio* by relation, and the parties are thereby returned to the same condition as if the contract had never been made. *Mustard* v. *Wohlford's Heirs*, 15 Grat. 329.

The privilege of disaffirming the voidable acts of an infant belongs to him for his own protection. During his life, it is a purely personal privilege, and can not be exercised by others, though the exercise thereof by him may be made available for the benefit of his privies in estate. *Pitcher* v. *Laycock*, 7 Ind. 398; *Price* v. *Jennings*, 62 Ind. 111.

Strictly speaking, the privilege is not assignable. There

are cases in which judges have spoken of one to whom real estate has been conveyed as having the privilege of avoiding the grantor's voidable contract made during his infancy, relating to the same property. See *Breckenridge's Heirs* v. *Ormsby*, 1 J. J. Mar. 236 (19 Am. Dec. 71). But such grantee, in pleading the sale and conveyance to him as against a claim founded on his grantor's act done during his infancy, can not be said thereby to avoid or disaffirm the voidable act. In truth, the grantee thereby asserts such act to be void because of its disaffirmance by his grantor through such conveyance. The claim in such case set up against the purchaser, being shown to be based upon an act voidable because of the infancy of one of the parties to the transaction, is defeated by showing that act to be void *ab initio*, and, therefore, not capable of being asserted as the foundation of an action against such purchaser.

"An infant may avoid his act, deed, or contract, by different means, according to the nature of the act, and the circumstances of the case. He may sometimes avoid it by matter *in pais*, as in case of a feoffment by an entry, if his entry is not tolled; sometimes by plea, as when he is sued upon his bond or other contract," etc. *Tucker* v. *Moreland,* 10 Pet. 58.

The appellants, in their answer, did not rely upon the sale and conveyance to Shrock as a disaffirmance. If they had relied thereon solely, the answer should have shown such a transaction as would amount to a disaffirmance by the grantor of his prior mortgage, and then it would have been a good reply, that before such conveyance the grantor therein, after reaching his majority, had affirmed his mortgage made during minority.

The appellants sought to avail themselves of the avoidance of the mortgage by Wilden, by relying on his disaffirmance of his contract by plea. Wilden's plea was a solemn disaffirmance in a court of justice, where it remained as a part of the record of this cause after the appellee, who had brought him into court, had dismissed the action as to him and his

wife. This answer of Wilden might be referred to by him as a disaffirmance of his note and mortgage.

. The answer of the appellants showed an act of Wilden which rendered the mortgage void *ab initio*, and which caused all the parties to the mortgage to revert to the same condition as if the mortgage had never been made, and, therefore, rendered the mortgagee incapable of maintaining an action thereon against Shrock and Knorr, unless, indeed, before the pleading of his said answer, Wilden, having arrived at full age, had affirmed the mortgage.

If the character or contents of the conveyance to Shrock, or any other act of the mortgagor after coming of age, had constituted an . affirmance of the mortgage, this would be proper matter for reply ; and it was not necessary in this answer to show the character of the deed of conveyance to Shrock or the mode in which he derived his ownership, or in any other manner to show that Wilden, before filing his answer of infancy, had disaffirmed his mortgage or had not ratified it.

The judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, the judgment is reversed, at the costs of the appellee, and the cause is remanded with instructions to overrule the demurrer to the first paragraph of the answer of the appellants, and for further proceedings.