### L. F. AND W. H. PECK v. J. M. CAIN ET AL.

Decided May 1, 1901.

**1.—Minor—Liability on Contract of Lease.**

Where a married infant entered into a written contract for the lease of a residence for his family for a term of years, and agreed to pay therefor a certain sum per month, and paid the rent for the first month in advance, but occupied the house only ten days, he could not be held liable for rent after his abandonment of the premises.

**2.—Same—Disaffirmance.**

While infancy is a personal privilege of which no one is permitted to take advantage except the infant himself, yet after he has disaffirmed the contract, anyone may take advantage of such disaffirmance.

**3.—Same—Party to Suit.**

Where a married infant abandoned a house which he had leased, leaving therein furniture he had purchased on credit of defendants, the title to which was reserved in defendants, and they, having taken possession of such property,

were sued by the landlord to enforce a landlord's lien on it, the infant was a proper party to the suit, and it was not error to require him to be made a party.

**4.—Same—Disaffirmance.**

The infant having answered in such suit by a plea of infancy, the defendants could take advantage of the disaffirmance and set up the nullity of the contract, and claim the furniture under the agreement that it should remain theirs until paid for.

**5.—Same.**

Since the plea of infancy was filed as soon as the infant was made a party, and within less than a month after he reached his majority, no question arose as to his promptness in disaffirming the contract, and a judgment against the infant and the defendants was unauthorized.

**6.—Same—Rents—Trespass.**

Plaintiff's rent having been paid him for the month during which defendants took possession of the furniture, he had no right to recover for any trespass on the place not involving permanent injury to the property.

Appeal from Bexar. Tried below before Hon. S. J. Brooks.

*W. W. King* and *Semp Russ,* for appellants.

*C. S. Bates, Denman, Franklin & McGown,* and *T. D. Cobbs,* for appellees.

FLY, ASSOCIATE JUSTICE.—J. M. Cain instituted this suit against L. P. Peck, W. H. Peck, Ben Dubinski, Willie Schemmelpfennig, and the Dubinski Electric Light Company, alleging that he leased to Edward D. Levy a dwelling house on Madison street, in the city of San Antonio, for a term of two years, beginning December 14, 1899, at the rate of $55 a month, a lien being given in the lease contract on the household furniture and other personal property contained in said house; that the defendants had broken into said house, after Levy abandoned the same, and took forcible possession of the property and converted it to their use. He prayed for actual and exemplary damages.

Appellants, answering, alleged that on December 13, 1899, they had sold to Levy the furniture in controversy, and that it was understood and agreed that the title to the furniture should remain in them until the purchase price was paid; that on December 20th Levy informed appellants that he was unable to pay for the property, and authorized them to take possession of it, and they thereupon proceeded to take possession of the same. They also pleaded that the property, if title to it passed to Levy, was exempt from a landlord's lien.

Dubinski answered that he, as secretary, treasurer, and general manager of the Dubinski Electric Company, had ordered the employes of the company to remove a chandelier sold to Levy from Cain's house, after Levy had informed him that he could not pay for the chandelier, and requested that it be taken from the house. The company answered to about the same effect, and Schemmelpfennig entered a general denial.

Upon a plea of appellants, the plaintiff was compelled to make Levy

a party, and he entered a plea of infancy at time of the execution of the rental contract, which was adopted by appellants.

The case was tried by a jury and the following verdict was returned: "We the jury find for plaintiff against Ed. D. Levy, L. P. Peck, W. H. Peck, on account of rent contract to January 10, 1901, the sum of $185.40. We also find for plaintiff L. Peck exemplary damages, $300; we also find for plaintiff against W. H. Peck for exemplary damages, $10; we also find for plaintiff against Ed. D. Levy, Ben Dubinski, and Willie Schemmelpfennig for value of chandelier, $10; we also find for plaintiff against Ben Dubinski, exemplary damages, $50; we also find for plaintiff against Willie Schemmelpfennig, exemplary damages, $1."

Upon that verdict the judgment was rendered, but afterwards, upon the suggestion of the court, a remittitur of all the exemplary damages was entered. The appeal was perfected by Edward D. Levy, L. P. Peck, and W. H. Peck, but only the two last named have filed briefs in this court. The suit was dismissed as to the Dubinski Electric Company upon a suggestion of its bankruptcy.

It was established by the facts that on December 9, 1899, J. M. Cain entered into a written rental contract with Edward D. Levy to lease him, for the term of two years from December 14th, his certain dwelling house on Madison street, city of San Antonio, in consideration of the payment by Levy of the sum of $55 per month. Levy paid for one month in advance and after remaining in the house for about ten days abandoned the house and went to Mexico. In the contract made between Cain and Levy it was agreed that the former should have a lien upon all goods, furniture, chattels, or property belonging to the latter, as security for the payment of all rent due or to become due, all exemption laws being expressly waived. After Levy abandoned the house, L. P. Peck directed W. H. Peck, John Steeman, and H. C. Stapp, his employes, to go to Cain's house and remove the property, except the chandelier, therefrom, and it was taken and converted by them to their use. Dubinski removed the chandelier, which was of the value of $10. The property taken by appellants was worth $450. The house was rented by Levy, who at the time was a married minor, as a dwelling place for himself and family. The furniture taken from the house by the Pecks had not been paid for by Levy, and it was agreed at time of its purchase that it should remain the property of L. P. Peck until paid for.

Much has been written on the question as to whether contracts made by infants are void, or only voidable, but the general rule may be considered settled now that none of an infant's contracts are void on account of nonage, but all of them are voidable merely, with the exception of his contracts for the reasonable value of necessaries, and his contracts made in pursuance of statutory authority, which are binding. Cummings v. Powell, 8 Texas, 81; Parsons v. Keys, 43 Texas, 557; Askey v. Williams, 74 Texas, 294; Schouler on Dom. Rel., secs. 411-415; Commonwealth v. Graham, 157 Mass., 73, 31 N. E. Rep., 706; Davis v. Caldwell, 66 Mass., 512; Notes in connection with Craig v. Van Bebber,

18 Am. St. Rep., 573, in which every phase of the subject of the contracts of infants is discussed.

The marriage of the infant does not remove the disability of infancy and render his general contracts any the more binding, but the capacity of an infant husband to contract for necessaries is enlarged by his marriage, and he will be bound for the reasonable value of necessaries for his family as well as himself. Burr v. Wilson, 18 Texas, 367; Taunton v. Plymouth, 15 Mass, 203; Walsh v. Young, 110 Mass., 396; Chapman v. Hughes, 61 Miss., 339.

There are some authorities that hold that the promissory note or other written contract of the infant, although given for necessaries, is void, but the better authorities hold that an infant may be held liable on his express contract for necessaries when the contract is of such a form that the consideration may be inquired into, and the amount agreed to be paid is simply the reasonable value of the necessaries; and the infant may show that the agreed sum is in excess of the reasonable value of the necessaries, and have it reduced to the proper sum. The last named ruling has been adopted in Texas, and in the case of Askey v. Williams, above cited, it was said: "We apprehend, however, the better doctrine to be that an infant may make an express written contract for necessaries upon which he may be sued, but that by showing the price agreed to be paid was unreasonable, he can reduce the recovery to a just compensation for the necessaries received by him." So far the authorities are clear, and had the minor occupied the premises during the year 1900, the judgment would be clearly right, but he was in the house for only part of a month, for the whole of which he had paid in advance, and the question presents itself, can an infant be held liable for the rent of a house for a longer time than he actually uses it?

Very few cases involving the question of leases to or from infants are accessible, but those few seem to hold that a minor can not be held for the rent of premises not used by him. In the notes to Craig v. Van Bebber, 18 American Reports, 591, it is stated that it was held in the Irish case of Blake v. Concannon, 48 Ir. Rep. C. L., 323, that an infant lessee who enters into possession and enjoyment of the land is liable for an installment of rent coming due during such holding, and while he is an infant, if he fails to repudiate the contract of tenancy, and the tenancy under it, before the installment falls due; but on the other hand he is not liable for an installment of rent falling due after such repudiation. The following language was used by the court in that case: "He is not, in an action of debt for the rent, held liable upon the contract of tenancy alone. His liability arises from his occupation and enjoyment of the land under the tenancy so created. If his liability arose from the contract alone, the repudiation of the contract, by annulling it, would annul its obligations, which would then exist only by reason of the contract. But the infant, though he can repudiate the contract of demise, and the tenancy under it, and can so revest the land in the landlord, can not repudiate an occupation and enjoyment which are past, or restore

to the landlord what he has lost by that occupation and enjoyment of the infant." In the same notes cited (18 American Reports, 646) it is said, "it should be carefully remembered that an infant is liable for necessaries only when they have been actually furnished to him;" and in support of the text the following language from Pool v. Pratt, 1 Chipman, 252, is quoted: "An infant is bound by his contract for necessaries, but it must be a contract executed by an actual delivery and receipt of the necessaries to his use; and if he contracts to purchase articles ever so necessary, he is not holden by his contract to receive and pay for the articles."

The decisions above cited have not been accessible to this court, and we are not in a position to pass fully upon their entire applicability to the case under consideration, but we have examined the case of Flexner v. Dickerson, 72 Alabama, 318, in which it is held that where infants gave a written agreement to pay rent, and suit was instituted before the infants attained their majority and before the expiration of the term of the lease, the plea of minority would prevail. In section 96, Taylor's Landlord and Tenant, it said in regard to leases, that "where his liability rests wholly in contract, as it would do after he quit possession, he may plead infancy as in other cases."

The decisions cited, we think, would apply with much force to the facts in this case, for it would be almost impossible to find that the use of a house for months in the future would be something necessary for the infant and his family. Suppose he had died within a month after his contract was made, upon what ground could it be held that the house was necessary? Or suppose that his wife had died, it is apparent that a house could not be classed among necessaries for which he would be liable. The principle upon which is based the liability of the infant for necessaries for himself and family is protection to the infant, and the very instant that the contract made by him does not inure to his benefit or afford him protection, it falls to the ground. In this case it is evident that the infant was not benefitted by the contract for rent of the house after he had abandoned it.

It is a well settled rule that infancy is a personal privilege of which no one is permitted to take advantage except the infant himself. Harris v. Musgrove, 59 Texas, 401; Oliver v. Houdlet, 13 Mass., 237; Nightingale v. Withington, 15 Mass., 272; Beardsley v. Hotchkiss, 96 N. Y., 201. It is held, however, that after the infant has disaffirmed the contract, any one may take advantage of such disaffirmance. Wallace v. Carpenter, 11 Johns., 539; Brayton v. Burchin, 14 Johns., 124; Breckenridge v. Ormsby, 19 Am. Dec., 71; Harris v. Cannon, 6 Ga., 382.

This exception to the rule is based on the reason that when the contract has been disaffirmed, it is as though it had never existed, and a person claiming to be the owner of property could therefore assert that a previous transfer of the property made during infancy by the person under whom he derives title had been disaffirmed by the latter. And it has been held that a third person may take advantage of a plea of in-

fancy made by the infant in the same action.   Price v. Jennings, 62 Ind., 111; Shrock v. Crowl, 83 Ind., 243.

As soon, therefore, as Levy answered in the suit by a plea of infancy, L. P. and W. H. Peck could take advantage of the disaffirmance and set up the nullity of the contract, and claim the property under an agreement with Levy that it should be the property of L. P. Peck until paid for.   The plea of infancy was filed as soon as he was made a party to the suit, and within less than a month after Levy reached his majority, and no question can arise as to his promptness in disaffirming the contract.   Bingham v. Barley, 55 Texas, 281.

The testimony showed that Levy occupied the house for only ten days, and under the rule hereinbefore announced the landlord would only be entitled to recover a proportionate sum for the time the house was occupied by the infant.   Speaking on this subject in the case of Rice v. Butler, 55 Northeastern Reporter, 275, it was said by the Court of Appeals of New York: "The contract in this case in its entirety must be held to be executory; for, under its terms, payments were to mature in the future, and the title was only to pass to the minor upon making all the payments stipulated, but in so far as the payments made were concerned, the contract was in a sense executed, for nothing further remained to be done with reference to those paymnts.   Kent in his Commentaries (volume 2, page 240), says: "If an infant pays money on his contract, and enjoys the benefit of it, and then avoids it when he comes of age, he can not recover back the consideration paid.   On the other hand, if he avoids an executed contract when he comes of age, on the ground of infancy, he must restore the consideration which he had received."   Again, in the case of Midbury v. Watsons, 7 Hill, 110, it was said: "It was not shown what had been the value of the use of the premises demised while the infant remained in possession.   If that was less than the sum paid by him, it may well be that he ought to have recovered the difference."   Under this rule Levy should have recovered for two-thirds of the money paid by him to his landlord, but inasmuch as he has not filed a brief in this court, and does not complain of the judgment against him, it will not be disturbed.

The judgment as cured by the remittitur will be affirmed as to all the parties except L. P. Peck and W. H. Peck, and as to them will be reversed and judgment here rendered that J. M. Cain take nothing as to said Pecks, and that they recover all costs of this and the lower court, and it is further decreed that J. M. Cain has no lien upon the property in controversy.

*Affirmed in part; reversed and rendered in part.*

ON MOTION FOR REHEARING.

The tenant was a proper party to the suit, and it was not error to require that he be made a party.

At the time that Peck took possession of the furniture the house was

not in possession of J. M. Cain. The rent had been paid for one month in advance, and the month had not expired, and the landlord had no right to sue for any trespass on the place not involving permanent injury to the property. Reynolds v. Williams, 1 Texas, 311; Railway v. Smith, 3 Texas Civ. App., 483. No injury to the house was established, and Cain was not entitled to recover for even nominal damages for the bare trespass in entering the house.

The motion is overruled.

*Overruled.*

Writ of error refused.