NEWBERRY v. JOHNSON. (No. 10073.)*

(Court of Civil Appeals of Texas. Fort Worth. Dec. 9, 1922. Rehearing Denied Jan. 20, 1923.)

Infants ⚖️10—Married minor held entitled to rescind purchase contract of home.

A married minor, who purchased a home, *held* entitled, on attaining his majority, to rescind the contract and on returning the premises to recover his payment, less the reasonable value of their use.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by C. L. Johnson against J. L. Newberry. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Ben L. Cox, of Abilene, for appellant.
D. M. Oldham and C. G. Whitten, both of Abilene, for appellee.

CONNER, C. J. The appellee, C. L. Johnson, sued the appellant J. L. Newberry, in the district court of Taylor county on August 20, 1921, upon the two vendor's lien notes described in the petition, and for foreclosure of a vendor's lien on certain premises situated in Abilene. It was alleged that Newberry gave the notes sued on as purchase-price notes in part payment for the premises described in the petition, and that Johnson was still the owner of the notes and the payee therein.

The defendant, Newberry, admitted the execution and delivery of the notes to Johnson, and admitted that he bought the premises from Johnson as alleged in the plaintiff's petition, and alleged that he had paid $2,500 in cash on the purchase price of the place, and executed the notes sued on at the same time in part payment. He further pleaded in his answer that, at the time of said transaction and at the time of the filing of the suit to foreclose said notes, he was a minor under the age of 21 years. That he became 21 years of age September 17, 1921, and he elected to disaffirm the contract of purchase aforesaid, and prayed for the cancellation of the notes declared on by plaintiff and to recover from plaintiff the $2,500 in cash that had been paid on the place. In connection with that pleading the defendant, Newberry, tendered the plaintiff a deed to the premises, duly executed and acknowledged by Newberry and his wife; the consideration expressed in the deed being the cancellation of the notes sued on.

Plaintiff Johnson answered by a first supplemental petition, in which it was alleged that defendant Newberry was a married man at the time of the execution of the notes, and did not disclose the fact that he was a minor, but represented that he needed the property for a home for himself and wife. That plaintiff relied upon and believed said representations to be true, and believed defendant Newberry to be 21 years of age and a married man, and believed that he was purchasing the property for a home, and that the same was necessary for himself and wife, and that so believing and relying, he sold and conveyed the property described in plaintiff's original petition, and as part payment therefor received the three notes sued on. That defendant moved into the said house, and occupied the same as a home, and continued to occupy the same until a date unknown to plaintiff. Plaintiff further alleged that Newberry is an able-bodied, strong, young man, with a reasonable earning capacity of $100 to $150 per month, and that his status and condition in life makes it fit and proper for him to own and acquire a homestead such as the one in question for himself and wife, and it is averred that the premises mentioned were in fact necessary for defendant. And it is further alleged that defendant committed a fraud on plaintiff by procuring said property without disclosing the fact that he was a minor.

The case was tried before a jury, to which was submitted special issues. The answers of the jury to the special issues were to the effect that defendant, Newberry, at the time he purchased the property was under 21

years of age, but that the deed had not been obtained by him through fraud, as the term "fraud" had been defined in the court's charge. The jury further found that the property was a "necessary," as that term had been defined in the charge. Upon this verdict the court rendered a judgment for the plaintiff, Johnson, against the defendant, Newberry, for the amount due upon the notes, and foreclosed the vendor's lien against the premises, and also against Newberry on his cross-action for the return of the $2,500, and defendant, Newberry, has appealed.

The court in his charge to the jury thus defines the term "necessaries":

"The term 'necessaries' is not confined to merely such things as are required for a bare existence, but include those things without which the individual cannot comfortably live, and which are useful and suitable and necessary and proper for his support, use, and comfort in life, taking into consideration the minor's status and condition in life. And where the infant is a married man, he is permitted to furnish his wife with necessaries, and you will take into consideration those things which are necessary for husband and wife, as well as for the husband alone, and by the term 'necessaries' as applied to the husband is meant such things as the husband should supply to his family, and which are suited to their condition and station in life, their needs and wants, in so far as his ability will permit."

Appellant criticizes the charge in that, as is insisted, it is on the weight of the evidence and calculated to unduly influence the jury to conclude that the premises constituted a "necessary" because "useful and suitable" for a home, without regard to whether defendant was able to pay therefor, and also in that it is calculated to lead the jury to believe that it was the duty of defendant to acquire and own a home as a necessity, and excludes the idea that he might rent or lease such a home, and that it nowhere instructs the jury that the premises would not be a necessary if purchased by defendant for speculative purposes and not as a place for abode.

It seems evident that the trial below proceeded upon the theory that, if it should be found by the jury that at the time of the purchase the house and lot in controversy constituted a necessary within the meaning of the court's definition, then the defendant Newberry would not be entitled to disaffirm his contract or to recover the $2,500 in cash that he paid. Upon this theory of the case possibly the court's definition of "necessaries" may be subject to criticism, although we are not inclined to view the criticisms urged as well taken. We are of the opinion, however, that the case was tried upon a mistaken theory. The fact that at the time of appellant's purchase the dwelling and lot in question was a reasonable necessity for the use of himself and family does not in this case preclude him from all relief.

A case that seems to us controlling is that of Peck v. Cain, 27 Tex. Civ. App. 38, 63 S. W. 177, decided by the Court of Civil Appeals at San Antonio, writ of error refused. In that case it appears, among other things, that Cain leased to Edward D. Levy, a married minor, a dwelling house on Madison street in the city of San Antonio for a term of 2 years, beginning December 14, 1889, at the rate of $55 per month; that Levy paid for one month in advance and moved into the house, placing therein certain household furniture, but soon thereafter abandoned the property. It was there held, upon authorities cited, that infant contracts are not void on account of nonage, but all of them are voidable, with the exception of contracts made in pursuance of statutory authority. And it was further said that the marriage of the infant does not remove his disability and render his general contracts more binding, but that the capacity of an infant husband to contract for necessaries is enlarged by his marriage, and that he will be bound for the reasonable necessaries for his family as well as for himself. It was further said:

"There are some authorities that hold that the promissory note or other written contract of the infant, although given for necessaries, is void; but the better authorities hold that an infant may be held liable on his express contract for necessaries, when the contract is of such a form as that the consideration may be inquired into, and the amount agreed to be paid is simply the reasonable value of the necessaries, and the infant may show that the agreed sum is in excess of the reasonable value of the necessaries, and have it reduced to the proper sum. The last-named ruling has been adopted in Texas, and in the case of Askey v. Williams, above cited, it was said: 'We apprehend, however, the better doctrine to be that an infant may make an express written contract for necessaries, upon which he may be sued, but that, by showing the price agreed to be paid was unreasonable, he can reduce the recovery to a just compensation for the necessaries received by him.' So far the authorities are clear, and, had the minor occupied the premises during the year 1900, the judgment would clearly be right; but he was in the house for only one part of a month, for the whole of which he had paid in advance, and the question presents itself, can an infant be held liable for the rent of a house for a longer time than he actually used it?"

The court answered the question presented in the quotation just made upon reasoning and authorities which we approve, but which need not be here repeated, that the infant could disaffirm his contract and would not be liable for the rent of the house for a longer time than he actually used it. We do not find where the case of Peck v. Cain has been overruled or modified, and on that au-

thority we conclude that the court was in error in rendering judgment in the plaintiff's favor upon the notes declared upon. The contract evidenced by those notes was voidable, and appellant had the right upon attaining his majority to disaffirm it, provided, however, before being permitted to do so, he should not only offer, but should be required to restore the premises secured by him under the terms of the contract, and to also account for the reasonable value of its use and occupancy during the time he actually occupied it and during the time he rented it and used the rents for the purchase, as he testified, for necessaries for his family. Appellant testified that he moved into the premises in controversy together with his wife, and called it his home, and occupied it and used it as his home—

"about 7 or 8 months"; that "during the past 12 months I have used what rent I have collected off this house, together with my other income, for the purpose of living expenses of myself and wife. * * * On September 20, 1921, I collected the last $50; that was just a few days ago. That is since I became 21 years of age. I have not ever returned any of that money to Mr. Johnson. I have not the money."

In the case of Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849, it was held that a minor plaintiff, seeking to disaffirm a sale of land made by him during nonage, was not required to tender back the consideration received by him and spent for other than necessaries during his minority as a condition to his right to disaffirm. In that case, however, it did not appear, as here, that the minor was able to do so, or that he had appropriated the proceeds received by him in the transaction there under consideration to supply himself or his family with necessaries, and the court in the course of its opinion had this further to say:

"That one disaffirming his deed on the ground that it was executed when he was a minor must restore the consideration, if it is still in his possession or within his control, is a proposition about which there can be doubt. It may also be true that if he has used it during minority for purposes for which the law would permit him to charge his estate, as for obtaining necessaries, he must restore or account for its equivalent. Searcy v. Hunter, 81 Tex. 646; Womack v. Womack, 8 Tex. supra. If he has retained it until he reached full age and then appropriated it, this may be a sufficient reason, ordinarily, to preclude him from disaffirming the contract; or if not to preclude him absolutely, to, at least, require him to pay its equivalent without inquiry as to the purposes to which he has devoted it."

In the recent case of Hugh v. Hugh, 221 S. W. 970, in a decision by Section A of the Commission of Appeals, opinion approved by the Supreme Court, it is expressly held that one seeking a disaffirmation of a deed of contract on the ground of minority must restore the consideration if still within his possession or in his control.

We conclude, therefore, as before indicated, that under the facts as presented in the record before us appellant is entitled to disaffirm the contract evidenced by his notes upon restoration of the premises in controversy to the plaintiff, and to recover the $2,500 in cash paid by him, less the reasonable value of the use and occupancy of the premises in controversy to the date when he tendered plaintiff possession and warranty deed from himself and wife. It would be manifestly unjust and inequitable, we think, to permit the defendant to recover from the plaintiff the full $2,500 in cash and at the same time relieve him from accounting for the reasonable value of the use and occupancy of the premises as indicated. He does not deny that the premises, while occupied by himself and wife, were reasonably necessary as a home, and he admits that thereafter until about the date of the trial he rented the premises and used the rents in purchases necessary for himself and family. It is clearly within his power and control to permit an abatement to such extent from the sum he seeks to recover of the plaintiff, and this he should be required to do, regardless of any purpose or necessity that may have induced his purchase.

Before concluding this opinion, we should perhaps add that we have not considered what effect, if any, should be given to the fact that appellant, as he testified, collected and used the rent off the premises after he attained his majority, for the reason that the issue of ratification is not presented in the present record, either in the pleadings, the court's charge, or the briefs of the parties, and we do not wish to be understood by what we may have said in disposing of this case as having determined the issue of ratification, should it be presented on another trial.

It is ordered that the judgment be reversed, and the cause remanded for a new trial not inconsistent with this opinion.