## MITCHELL v. HIGGINBOTHAM–PEARLSTONE HARDWARE CO.

### No. 9556.

Court of Civil Appeals of Texas. Galveston. April 23, 1931.

Greenwood & Reeves, of Palestine, for appellant.

J. D. Pickett, of Palestine, for appellee.

GRAVES, J.

While no written opinion is required of this court under the order of affirmance it has determined must be entered in this cause, in deference to the able counsel for both sides, who have most effectively aided it in reaching a decision by their briefs and arguments, the general grounds of its judgment may be thus indicated:

(1) The appellee's motion to strike out the statement of facts and to dismiss the appeal, taken for consideration with the cause itself, should, if for no other reason, be refused, because not filed within the 30 days required by rules 8 and 9 for the Courts of Civil Appeals.

(2) The undisputed proof on other features, together with the jury's findings on sufficient evidence in response to the special issues submitted, established a legal estoppel against appellant's defeating the cause of action declared upon on the ground of minority, in that he must be regarded not only as having at all material times fraudulently held himself out as the owner of the furniture business under such circumstances as to reasonably lead the appellee to then believe him to be sui juris, but also as not having disaffirmed the contract sued on within a reasonable time after having in fact attained his majority. Harseim v. Cohen (Tex. Civ. App.) 25 S. W. 977; Kilgore v. Jordan, 17 Tex. 341; Carpenter v. Pridgen, 40 Tex. 32; Steed v. Petty, 65 Tex. 490; Crayton v. Munger, 9 Tex. 285; Wright v. Doherty, 50 Tex. 41; Bell v. Schwarz, 56 Tex. 357; First State Bank of Oakwood v. Edwards (Tex. Civ. App.) 245 S. W. 478; 31 C. J. p. 1068; Sands v. Curfman (Tex. Civ. App.) 177 S. W. 161; Peck v. Cain, 27 Tex. Civ. App. 38, 63 S. W. 177; Clemmer v. Price, 59 Tex. Civ. App. 84, 125 S. W. 604; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 296, 29 A. L. R. 607.

The judgment of the trial court is affirmed.

Affirmed.