**TRINITY & B. V. RY. CO. et al. v. CRAWFORD.**

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1912. Rehearing Denied April 17, 1912.)

1. CARRIERS (§ 211*)—LIVE STOCK.

A railroad company's responsibility for live stock attaches as soon as the cattle are delivered in pens for shipping, so that the duty of feeding and watering cattle in the pens, made necessary because of delay in shipment, was upon the carrier in absence of contract to the contrary executed before the cattle were actually loaded.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*]

2. CARRIERS (§ 211*)—LIVE STOCK—FEEDING AND WATERING.

Though the contract of carriage required the shipper to feed and water the cattle while in the pens before shipment, he was not bound to do so, where no facilities for doing so were furnished by the company, not being required

to drive them some distance from the pens for feed and water.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*]

3. CARRIERS (§ 227*)—LIVE STOCK—INJURIES —ADMISSION OF EVIDENCE.

In an action for damages for a breach of contract of shipment of cattle by failure to water them in the pens, defendant could not show, under the general denial, that the failure to have water at the cattle pens was due to an unavoidable accident; such evidence being affirmative matter which must be pleaded.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 953–956; Dec. Dig. § 227.*]

4. EVIDENCE (§ 471*) — CONCLUSION OF WITNESS.

Evidence that a carrier's failure to furnish facilities for watering cattle at the stock pens before shipment was due to an unavoidable accident was a mere conclusion of the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

5. APPEAL AND ERROR (§ 959*)—PLEADING (§ 236*) — DISCRETION OF TRIAL COURT — AMENDING ANSWER.

The refusal to permit defendant, in an action for delay in shipping cattle, to withdraw its announcement and amend its answer so as to set up in detail the cause of the delay in shipment, was within the trial court's discretion and not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825–3833; Dec. Dig. § 959;* Pleading, Dec. Dig. § 236.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by John H. Crawford against the Trinity & Brazos Valley Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

N. H. Lassiter, of Ft. Worth, E. B. Perkins, of Dallas, and Scott & Ross, of Waco, for appellants. Sleeper, Boynton & Kendall, of Waco, for appellee.

RICE, J. This suit was brought by appellee against appellants to recover damages alleged to have been sustained by him to a shipment of 169 head of cattle from Normangee, a station on the former's road in Leon county, to Axtell on the line of the St. Louis & Southwestern Railway Company in McLennan county, on account of delay in shipment and rough handling en route. It was alleged on the part of appellee: That on the 15th of August, 1908, he contracted with the agent of the Trinity & Brazos Valley Railway Company at Normangee to furnish him a sufficient number of cars for said shipment. That thereafter, on the 17th of said month, said agent notified him that the cars were ready and to bring the cattle in. That in response thereto the cattle were on said day driven in by him and placed in the pens of the company ready for shipment; but notwithstanding the fact that the cars were ready on the track near the pens, on account of the negligence of the company, no engine was furnished to move same until about 7 o'clock on the night of the 18th, at

---

which time the cattle were loaded and shipped out. That there was a delay of 12 hours in reaching Coolidge some 60 miles distant, at which point said cattle were unloaded and were detained for 10 hours in small inadequate pens, and suffered great injury from the heat and the want of adequate facilities for feeding and watering them, and were roughly handled en route, whereby said cattle were greatly injured and lessened in value. Defendants answered by general denial and by pleas of contributory negligence with respect to plaintiff's handling said cattle before and during said shipment while under his control, and the failure of plaintiff to feed and water said cattle at Normangee, and the negligence of plaintiff. in overcrowding said cattle in the cars. There was a jury trial resulting in a verdict and judgment in favor of plaintiff for the sum of $549.25, from which this appeal is prosecuted.

The first and third assignments will be discussed together, since they raise practically the same question. It was the contention of appellants that whatever damage was sustained by plaintiff, resulting from injury to the cattle on account of the delay occurring at Normangee while in the pens of the company awaiting shipment, could not be recovered by him, for the reason that during said time said cattle were under the control of plaintiff and not of appellants. The evidence shows that plaintiff contracted with the agent of the Trinity & Brazos Valley Railway Company at said station on the 15th of August to furnish him a sufficient number of cars for the shipment of said cattle from said point to Axtell, with the understanding that he would notify him as soon as they arrived; that on the 17th of said month said agent notified plaintiff that the cars were ready and to bring the cattle in; that said cattle were on said day brought in and by him placed in the pens of the company about 3 o'clock in the afternoon; but that they were not shipped out until about 8 o'clock of the night of the 18th on account of the negligent delay of the company in furnishing an engine, during which time the weather was warm and the cattle suffered for the lack of feed and water. And the evidence sustains the remaining allegations of the petition relative to delay en route and rough handling, and shows a diminution in the value of the cattle in the amount recovered. The contract of shipment, which was signed at the time that the cattle were being shipped out, contained a provision to the effect that the shipper would load, unload, and reload said stock at his own risk, and feed and water said stock while in the yards of the company awaiting shipment, as well as while on the cars or at feeding or transfer pens, etc.

[1, 2] The court in effect charged the jury that, while said cattle were in the pens of the company at Normangee awaiting shipment, it rested under the duty of exercising ordinary care to prevent injury to them, and that a failure, if any, upon the part of defendant to exercise such care, would be negligence; and, on the contrary, refused an instruction requested by defendant not to find any sum whatever for plaintiff on account of the failure to feed and water said stock at Normangee. The giving and refusal of these charges is made the basis of the first and third assignments of error. We overrule these assignments because, as we understand the law, the company became liable to the plaintiff for any injuries sustained by the cattle after they were placed in the pens ready for shipment, occasioned by the negligence of the company. The duty of feeding and watering the cattle, if it became necessary on account of the delay, devolved upon defendants while the cattle were awaiting shipment in their pens, notwithstanding the fact that the contract of shipment, containing the provisions set out above, was offered in evidence. The company's responsibility attaches as soon as the cattle are delivered to it in its pens, after which time a failure to exercise ordinary care on its part to prevent injury would render it liable in damages to the owner. See Railway Co. v. Trawick, 80 Tex. 270, 15 S. W. 568, 18 S. W. 948; s. c., 68 Tex. 314, 4 S. W. 567, 2 Am. St. Rep. 494; Railway Co. v. Dimmitt, 5 Tex. Civ. App. 186, 23 S. W. 755; Railway Co. v. Wood, 30 S. W. 716; Railway Co. v. Martin, 35 S. W. 29; Railway Co. v. Jackson, 37 S. W. 255. And we think this is true in the present case, notwithstanding the fact that counsel for appellants argue that by reason of the contract of shipment the burden of feeding and watering was assumed by the plaintiff, and that appellants were thereby absolved from such duty, as provided in article 326, Rev. Civ. Stat., for two reasons: First, because this contract was not signed until the cattle were actually loaded; whereas the injuries received for the want of feed and water occurred prior thereto, and while the cattle were being held in appellants' pens. Second, because if the contract could be held to relate back to the time that the cattle were received in the pens, yet no facilities for watering the cattle while in the pens were provided by the company. It has been held that such facilities must be so furnished. See Railway Co. v. Montgomery, 4 Willson, Civ. Cas. Ct. App. § 240, 16 S. W. 178. Plaintiff was not required, while the cattle were in the pens awaiting transportation, to take them out and drive them some distance to feed and water, as contended by appellants.

[3] The fifth assignment complains of the refusal of the court to permit appellants to show by the witness Cummings that the delay in arriving at Normangee with the facil-

ities for shipping the cattle was occasioned by unavoidable accident to its water pump occurring at a certain tank on its road, and that the defendant used all reasonable diligence after the happening of said accident to repair said pump. The bill shows that the company proposed to prove by said witness that it was properly equipped to furnish its engines with water, but on account of an unavoidable accident to its water pump it was unable to pump water into its water tanks, and was thereby delayed in arriving with its train at Normangee, that after said occurrence it used all reasonable diligence in repairing said pump, and repaired the same forthwith and used all reasonable diligence in arriving at Normangee and in loading the cattle. This evidence was excluded by the court which is assigned as error. It is contended, however, on the part of appellee, that the ruling of the court was correct, for the reason that defendant had failed to allege such facts as the cause of the delay, and such proof could not be offered under a general denial, as contended by appellants. Plaintiff's cause of action being based upon the contract heretofore set out, we are of opinion that the evidence proposed was not admissible under a general denial. See Railway Co. v. Pumphrey, 42 S. W. 246, in which last case defendant sought to show under a general denial that it was unable, by reason of the existence of a strike at St. Louis, to deliver cattle as agreed upon under its contract. The evidence was excluded, the court holding that, under a general denial, defendant could only introduce evidence in denial of plaintiff's cause of action, but that the facts sought to be proven were affirmative matter in the nature of a special defense, which must be pleaded by the carrier, in order to escape its common-law liability. For similar reasons we think this assignment should be overruled.

[4] Besides this, the excluded evidence was merely the conclusions of the witness, and did not state the facts upon which appellant sought to excuse itself, for which reason the evidence was likewise objectionable. The assignment presenting this question is therefore overruled.

[5] The court did not err in refusing to permit the defendant to withdraw its announcement and amend its answer, so as to set up in detail the cause of the delay, as above indicated, for the reason that this was a matter of discretion on the part of the court, and is not reviewable here. We therefore overrule the sixth assignment complaining of this matter.

The other errors assigned have been considered and are regarded as not being tenable, for which reason they are overruled.

Finding no error in the judgment of the court, the same is affirmed.

Affirmed.