GORMAN v. BRAZELTON. (No. 7924.)

(Court of Civil Appeals of Texas. Ft. Worth. April 18, 1914.)

1. TRIAL (§ 29*)—CONDUCT OF TRIAL—REMARKS OF JUDGE—COMMENTS ON EVIDENCE.

Where, in an action for damages to a farm from the unauthorized pasturing of cattle thereon, witnesses testified for plaintiff that in their opinions the land was permanently damaged in specified amounts, the remark of the trial judge, in the presence and hearing of the jury, that none of the evidence given by the witnesses as to the damage to the land was worth anything, and that the jury would not pay any attention thereto, but that the jurors were nearly all farmers and would decide the case according to their own knowledge, was error reasonably calculated to prejudice plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. § 29.*]

2. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY THOSE GIVEN.

There was no error in refusing an instruction which was sufficiently covered in the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. LANDLORD AND TENANT (§ 142*)—POSSESSION AND USE—INJURIES TO PREMISES.

Though a tenant had a right to the use of the leased land during his tenancy, he had no right to so use it as to injure the freehold and could not confer such a right upon any one else, and hence, in an action for damages to a farm from pasturing cattle thereon while a tenant was in possession, an instruction that, if the cattle were placed on the land with the tenant's consent, plaintiff could not recover damages from defendant, but that her right of action would be against the tenant, was erroneous.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 509–515; Dec. Dig. § 142.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In an action for damages to a farm from the unauthorized pasturing of cattle thereon, an instruction that every man was responsible for the injury and damage occasioned by his stock to the lands of another, unless done under a contract anticipating the injury and paid for under a contract lawfully made with one having authority to make such contract, was error, where there was no evidence that plaintiff made a contract with any one authorizing the use of the land in such manner as to permanently injure the freehold.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. TRIAL (§ 141*)—QUESTIONS FOR JURY.

In an action for damages to a farm from pasturing cattle thereon, where the evidence was undisputed that the pasturing in one of the years was without plaintiff's authority, this should not have been submitted as a disputed issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

6. TRESPASS (§ 25*)—INJURIES TO PREMISES—CONSENT AS DEFENSE.

Though an owner of land gave her consent to the pasturing of cattle thereon, she was not thereby necessarily precluded from recovering for an injury to the freehold done by the cattle.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 54–57; Dec. Dig. § 25.*]

7. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—REQUISITES AND SUFFICIENCY.

Where the assignments of error were substantial copies of the grounds contained in the motion for a new trial, objections that they did not follow the motion for a new trial were without merit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

Appeal from Parker County Court; T. F. Temple, Judge.

Action by Mrs. Alice Gorman against J. W. Brazelton. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Lanham & O'Neal, of Weatherford, for appellant. Mosely & Barcus and Richards & Carter, all of Weatherford, for appellee.

DUNKLIN, J. Mrs. Alice Gorman instituted this suit against J. W. Brazelton to recover damages for injury to a farm owned by the plaintiff which, according to allegations in the plaintiff's petition, resulted from the unauthorized pasturing of cattle upon the farm by the defendant during the year 1911–12. From a judgment in favor of the defendant, plaintiff has appealed.

[1] J. T. Pickard, a witness for the defendant, testified that in his opinion the pasturing of the cattle upon plaintiff's land did not result in injury to it. Plaintiff objected to the question eliciting such testimony upon the ground that the witness had not shown himself sufficiently qualified to give such opinion. In overruling this objection the court stated, in the presence and hearing of the jury and with much emphasis:

"That none of the evidence given by the witnesses as to the damage done to plaintiff's land was worth anything, and that the jury wouldn't pay any attention to the same, that the jurors were nearly all farmers, themselves, and would decide the case according to their own knowledge."

A bill of exceptions was taken to these remarks by the court, which is made the basis of an assignment of error; the ground of objection being that the same was a comment by the court upon the weight of the testimony upon which plaintiff relied to show damages. According to the bill of exceptions, three witnesses had testified for plaintiff that in their opinions plaintiff's land had been permanently injured by such pasturing of the cattle, one of whom had estimated such damage for the pasturing during the year 1911 at $1 per acre, and another had estimated the damage at $4 per acre for the same period of pasturing. Clearly, this action of the court was error, and, as it appears that it was reasonably calculated to influence and probably did influence the jury to plaintiff's prejudice, the assignment is sustained.

Error has been assigned to the admission of the testimony of said witness J. T. Pickard and W. B. McCleskey and J. M. Hart, two other witnesses for the defendant, who stated that in their opinions the land had not been damaged by defendant's cattle. The ground of plaintiff's objection to the testimony of those witnesses was that they had not shown themselves qualified to give such opinions. We think that these witnesses did show themselves qualified to give the opinions to which the objections were made.

[2] There was no error in refusing plaintiff's requested special charge upon her right to recover nominal damages in the event the proof had not established her claim for actual damages, as that instruction was sufficiently covered in the main charge.

[3] According to plaintiff's pleadings and evidence introduced in support of the same, a part of the time that defendant's cattle were pastured upon the land was during the year 1912 while plaintiff's tenant Gee was in possession of it under a rental contract from plaintiff. The court instructed the jury, in effect, that, if the cattle were placed on the land during the year 1912 with the consent of Gee, then plaintiff could not recover any damages therefor, as her right of action would in that event be against Gee for such damages. This instruction was erroneous. Of course, the tenant would have the right to the use of the land during his tenancy, but he would not have the right to so use it as to injure the freehold and could not confer such a right upon any one else. See Taylor's Landlord & Tenant, §§ 344 and 345. This conclusion is not at variance with the decision in G., C. & S. F. Ry. Co. v. Smith, 3 Tex. Civ. App. 483, 23 S. W. 89, cited by the appellee, in which it was held that the right of recovery for the destruction of a crop of growing grass by fire from a locomotive is in the lessee and not in the owner of the land, which decision is also cited with approval in Peck v. Kane, 27 Tex. Civ. App. 38, 63 S. W. 177.

The court submitted to the jury the plaintiff's claim for damages done during the year 1911. Upon another trial the claim for damages for both years should be submitted.

[4-6] One of the paragraphs of the court's charge reads: ·

"Every man is responsible for the injury and damage occasioned by his stock to lands of another unless said injury is done under a contract anticipating said injury and paid for under the contract lawfully made with one having authority to make such contract."

There was no evidence that plaintiff made a contract with any one authorizing any use of the land in such manner as to permanently injure the freehold, and the instruction quoted should not have been given because it was misleading and probably prejudicial to the plaintiff. The evidence was undisputed that the pasturing of defendant's cattle on plaintiff's land in 1911 was without her authority, and if the evidence is the same upon another trial that should not be submitted as a disputed issue, as was done upon the last trial. Even if plaintiff had given her consent for the pasturing of the cattle, it would not necessarily follow that she could not recover for an injury to the freehold done by the cattle, as the jury were told in substance in the court's charge.

We are of the opinion further that the allegations contained in plaintiff's petition were sufficient to sustain a claim for permanent injury to the land.

It is unnecessary to discuss other assignments to the action of the court in overruling objections urged by the plaintiff to the qualifications of some of the jurors who tried

the case as the same jurors will not be called upon another trial.

[7] The assignments discussed above are substantial copies of the grounds contained in plaintiff's motion for a new trial, and hence defendant's objections to a consideration of some of those assignments on the ground that they do not follow the motion for new trial are without merit.

For the errors indicated, the judgment is reversed, and the cause remanded.