## FARMERS' NAT. BANK OF HILLSBORO v. WHITE et al.

### No. 894.

Court of Civil Appeals of Texas. Waco.
Feb. 20, 1930.

Rehearing Denied March 27, 1930.

Wear, Stollenwerck & Wear, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellees.

STANFORD, J.

Appellant filed this suit on or about September 14, 1928, to recover against T. D. White on certain promissory notes; also to foreclose a chattel mortgage upon crops planted, cultivated, and gathered by T. D. White off of the Mrs. S. E. Farnsworth farm situated about nine miles from Hillsboro, Tex.; also upon certain live stock and farming tools. The written mortgage sought to be foreclosed, in so far as the crop mortgage is concerned, read as follows:

"That I, or we, T. D. White, in consideration of one dollar, and further consideration of the indebtedness hereinafter mentioned, have this day bargained and sold, and do hereby bargain, sell and convey to Marian Clyette, Trustee, of said county and state, the following described, growing or to be grown crop, including the seed thereof, worked by me or for me during the year 1928, to-wit: My entire crop to be planted, cultivated and gathered by me or for me on the Mrs. S. E.

Farnsworth farm situated about nine miles from Hillsboro, Texas, or any other land I may cultivate or cause to be cultivated. * * * I agree to work and gather at least 55 acres in cotton, 10 in corn, 5 row stuff in oats to insure raising the above."

T. D. White did during said year cultivate and make a crop on the Mrs. S. E. Farnsworth farm, that he planted and produced the amount of cotton, corn, and feedstuff specified on the Farnsworth farm, and that all of same was received by appellant and applied on its debt. The appellant sued out and had levied a writ of sequestration against the said T. D. White, in which it sequestered, among other things, the fifty-five acres of cotton and ten acres of corn on the Farnsworth farm, mentioned above, and also a crop on the Jennings farm, which was situated two or three miles from the Farnsworth farm. The writ also described certain personal property.

The defendant T. D. White and his wife, Mae White, filed their first amended original answer, in which they alleged, among other things, that the crop worked by T. D. White on the Jennings farm constituted no portion of the crop mortgaged to appellant, and that no portion of said crop belonged to T. D. White and Mrs. Mae White, but constituted the crop of Tommie White, who intervened in said cause, and further alleged that the facts set out in the intervention of said Tommie White were true and correct, and referred to and adopted the pleadings of said Tommie White. Said defendant T. D. White and wife further alleged that they never at any time intended to sell or mortgage any portion of said crop to be raised on the Jennings farm to said bank, but that, prior to the time said mortgage was executed, they had contracted with the intervener, said Tommie White, to work said crop on the Jennings farm for him for an agreed consideration. Said defendants also alleged that the Jersey heifer in question was not covered by the mortgage, and it was exempt, and that appellant had wrongfully sequestered same and converted it to its own use.

Tommie White filed his plea of intervention, in which he set up that the crop raised on the Jennings farm was in truth and in fact his crop, and that he was entitled thereto. subject to the usual rentals, that the mortgage sought to be foreclosed on this particular crop did not in fact include said crop, and that he was entitled to judgment for the same; and by way of cross-action, intervener set up the facts that in causing said levy to be made on said crop on the Jennings farm the plaintiff had permitted said crops to become damaged and wasted and its value depreciated in certain respects, and he prayed for damages because of such injuries and conversion, as well as for the value of the crops on the Jennings farm gathered and converted by appellant.

None of the property having been replevied by the defendants or intervener, the plaintiff filed and had approved its replevy bond, and took said property into its possession, and sold and disposed of most of said property before the suit was tried.

Upon the trial of the case, the court submitted his charge in the form of special issues, which issues the jury answered in favor of intervener, Tommie White, to the effect (1) that the crop grown on the Jennings farm was the property of said Tommie White; (2) that the cash market value of the corn grown on the Jennings farm was $150; (3) that the damages resulting to said cotton grown on the Jennings farm as a result of the negligent failure of appellant to harvest and care for same while in its possession was $217. The jury also answered, with reference to T. D. White, that the value of the Jersey heifer was $50. Judgment was duly entered in favor of the said T. D. White and Mrs. Mae White for the sum of $50 on account of the wrongful sequestration and conversion of said Jersey heifer, and in favor of Tommie White, intervener, in the sum of $884.74 for conversion and damages to his crop; said recovery in favor of intervener, Tommie White, being composed of $100, the net value of intervener's interest in said corn wasted and destroyed, also $162.75, same being the net value of intervener's interest in the cotton that was wasted and destroyed, and $621.99, the net value of intervener's interest in the cotton that was picked, ginned, sold, and appropriated by appellant. There was no controversy as to the amount of the last item, so it was found by the court. Appellant duly perfected its appeal, and presents the record here for review.

■ Under the first of its third group of propositions, appellant contends, in effect, that the answer of the jury to special issue No. 1 is not supported by the evidence. The first special issue was: "Were the crops grown on the Jennings farm during the year 1928 the property of Tommie White, son of T. D. White?" to which the jury answered: "Yes." The record shows that Tommie White at the time this case was tried was about twenty-five years of age, was a married man with a wife and one child; that, while not engaged in farming during the years 1927 and 1928, he had previous thereto been so engaged, and still had his teams, farming tools, wagon, planter, cultivator, and all the equipment necessary for farming. Mrs. Mae White, T. D. White, and the intervener, Tommie White, all testified that Tommie White was the owner, not only of the crop produced on the Jennings farm during the year 1928, but also of the crop produced on said farm during the

year 1927. Mrs. White testified: "I know that Tommie White had a crop in 1928. That crop was on the Jennings farm. His father worked that crop for him." The Jennings farm was two and a half or three miles from the Farnsworth farm, where T. D. White and wife lived during 1927 and 1928.

T. D. White testified: "In addition to the land on the Farnsworth farm, we also worked fifty acres of land on the Jennings farm in 1928. That crop belonged to Tommie White, my son. I had no interest whatever in that crop." This witness testified fully as to the terms of the agreement between himself and Tommie White, under which he worked said land as an employee of Tommie White. This witness testified further, in effect, that Tommie White had a crop on the Jennings farm in 1927, and that he worked said crop for Tommie White in 1927 on the Jennings farm, and that Tommie got the proceeds of said crop for said year, and that witness got no part of same. The record shows further that none of the cotton produced on the Jennings farm in either 1927 or 1928 was ginned or sold in the name of T. D. White, but all of the crop for 1927 was ginned and sold in the name of Tommie White, and the rent paid in his name; also that the two bales of the 1928 crop picked, ginned, and sold before the sequestration was levied were ginned and sold and the rent on same paid in the name of Tommie White, and the proceeds of all sales made by T. D. White for Tommie were deposited in the bank in the name of Tommie White. The ginning receipts, the receipts for rents, and the deposit slips for the two years, 1927 and 1928, were all in the name of Tommie White.

The evidence of Tommie White was substantially the same as that of T. D. White; that he had a verbal contract with his father, by the terms of which his father agreed to work a crop for him on the Jennings farm during the year of 1928 of fifty acres, forty acres in cotton, and ten acres in corn, he to pay his father wages for such labor; that such contract with his father was made in the fall of 1927 for the year 1928. It is true that T. D. White testified that he rented the land on the Jennings farm for the year 1928, but he also testified that he rented said land for said year for his son, Tommie White, and in this he is corroborated by the evidence of Tommie White, also the ginning tickets, the rent receipts, and the deposit slips, all showing the entire transaction arising out of the renting of the land on the Jennings farm was in the name of Tommie White.

There is no evidence that T. D. White ever claimed to own a lease on the Jennings farm. On January 11, 1928, when said mortgage was given, T. D. White was living upon, and had rented for the year 1928, land on the Farnsworth farm. W. P. Cook, an officer of appellant bank, testified, in effect, that he wrote the mortgage; that only T. D. White was present; that he asked T. D. White what he had, and to describe all the property on which he meant to give a mortgage; that Mr. White gave him a description of the Farnsworth farm and the personal property; that the phrase, "or any other land I may cultivate" was printed in the mortgage; that he did not get that from Mr. White, he got that from one of their regular mortgage forms already printed. We think it is apparent from the evidence, and especially from the mortgage itself, that neither the mortgagor nor the mortgagee contemplated or had in mind any crop to be raised on the Jennings farm when the mortgage in question was executed. As shown by the last words of the excerpt from the mortgage above, appellee T. D. White agreed to work and gather at least 55 acres in cotton, ten acres in corn, and five in row stuff on the Farnsworth farm. This he did, and the bank received all of same, as well as the other personal property described in said mortgage. We do not think the mortgage itself can be construed as an agreement on the part of T. D. White to give appellant a mortgage on any property on the Jennings farm. The Jennings farm is not mentioned in said mortgage, and clearly there is no evidence outside the written mortgage that T. D. White ever agreed or promised to give such mortgage, and no evidence that appellant ever understood that T. D. White had or would give such mortgage. Appellee White testified that he did not intend to, and did not, give such mortgage.

The uncontroverted evidence is that the clause in the mortgage, "or any other land I may cultivate or cause to be cultivated," was part of a printed blank form used by the bank. T. D. White had already rented the land on the Farnsworth farm, the crops on which were covered by said mortgage. T. D. White, at the request of appellant bank, had enumerated all the property he had on which the mortgage was to be given. He did not mention, and did not claim any interest in crops on the Jennings farm, but testified he had no interest in crops on said farm. We do not think the language in the mortgage should be given much probative force, if any, as contradiction of T. D. White. At any rate, we think the evidence is ample to sustain the finding of the jury to the first special issue.

■ Appellant contends the court erred in rendering judgment in favor of the intervener, Tommie White, for $100, the net value of his interest in the corn that was destroyed while same was in the possession of appellant, and also in rendering judgment against appellant in favor of intervener for $162.75, the net value of the cotton that was wasted or destroyed by appellant while in its possession under the sequestration. The evi-

dence was sufficient to show, and the jury found, that intervener had ten acres in corn, which made twenty bushels per acre, and which was worth 75 cents per bushel, or $150, and that all of said corn was wasted or destroyed by appellant while held by it under sequestration; and that two bales of intervener's cotton was likewise wasted or destroyed while being held by appellant under said writ, and that said cotton so destroyed or wasted was of the value of $217. The evidence showed conclusively that the landlord was entitled to one-third of the corn and one-fourth of the cotton, so, in entering judgment, the court, instead of entering same for $150, the entire value of the corn, and for $217, the entire value of the cotton wasted, entered same for $100, the net value of intervener's interest in said corn, and for $162.75, the net value of intervener's interest in the cotton that was wasted or destroyed. These contentions are overruled.

Appellant contends further that the court erred in including in the judgment rendered against appellant and in favor of intervener the additional amount of $621.99, without submitting same to the jury for their finding thereon. The record shows that W. P. Cook, an officer and agent of appellant bank, after examining his books, testified: "The amount of cotton sold off of the Jennings farm after the writ of sequestration was run was $621.99, that is, after the rent was paid." There is no evidence whatever, circumstantial or otherwise, to the contrary. The court should not submit uncontroverted questions of fact. Article 2185, Revised Civil Statutes; Southwestern Cement Co. v. Challen (Tex. Civ. App.) 200 S. W. 213; Gorman v. Brazelton (Tex. Civ. App.) 168 S. W. 434.

Appellant made no objection to any of the issues submitted by the court, and did not request any additional issues to be submitted. Appellant has filed an able and exhaustive brief, and, while we have not discussed all of its assignments, we have considered all of them, and find no reversible error. The judgment of the trial court is affirmed.