## SHELL PETROLEUM CORPORATION v. PARKER.

No. 2513.

Court of Civil Appeals of Texas. El Paso.
April 2, 1931.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., R. H. Whilden, of Dallas, and M. J. Dolan, of St. Louis, Mo., for appellant.

W. R. Smith, Jr., of Midland, for appellee.

PELPHREY, C. J.

This is an appeal from a judgment for damages in the sum of $500 awarded appellee for injuries to his fence, cattle, and grass. Appellee, in his original petition, alleged that the agents of appellant, on or about the 27th day of December, 1929, went in and upon certain lands owned and controlled by him in Andrews county, Tex., known as the "Meadows Lands," the "J. E. Parker University Lands," and the "J. E. Parker Lands," and cut his fences in various places; that by reason of his fences being so cut, his cattle strayed from his pastures, some of them being lost, and some being recovered at great cost to appellee; that said agents drove automobiles on and across his pastures at great rates of speed, thereby disturbing and frightening his cattle, causing them to cease their normal feeding and to lose weight; that he suffered damages in the sum of $400 from loss of his cattle, $100 in repairs to his fences, and $700 in loss of weight of his cattle.

Appellant's general demurrer to the petition was sustained and the court granted appellee leave to amend.

Appellee, in his amended petition, alleged: That he was the owner in fee simple of certain lands (describing them), and the lessee in possession of certain other lands (also described); that on or about the 27th day of December, 1929, appellant's agents drove automobiles and trucks in, upon, and over the lands; that they took down his fences at specified locations, and that the reasonable cost of repairing the fences so torn down was $100; that the said agents made new roads by driving across his lands several times, destroying twenty-five acres of grass; that the grass was permanently injured and destroyed, to his damage in the sum of $250; that he was grazing twenty head of cattle per acre on said lands; that the cattle were worth $60 per head; that appellant's agents drove over the greater part of fifty sections of the land; that his cattle were disturbed by the automobiles being driven over the land, became restless, and ceased their normal

feeding for several days and lost weight as a result thereof, to his damage in the sum of $250; that on or about December 23, 1929, upon being requested by a party representing appellant, whose name was unknown to appellee, to permit the agents of appellant to enter in and upon appellee's land, refused such permission; that, regardless of such refusal, appellant's agents willfully and wantonly did the things complained of; and that by reason thereof he was entitled to $600 exemplary damages.

Appellant answered by general demurrer, special exceptions, and a general denial.

The following special issues were submitted:

"Special Issue No. 1: Has the grass of the plaintiff been damaged by the defendant? Answer yes or no.

"Special Issue No. 2: What amount of damages, if any, do you find that the grass of the plaintiff has been damaged by the defendant? Answer in dollars and cents.

"Special Issue No. 3: Have the fences of the plaintiff been damaged by the defendant? Answer yes or no.

"Special Issue No. 4: What amount of damages, if any, have the fences of the plaintiff been damaged by the defendant? Answer in dollars and cents.

"Special Issue No. 5: Have the cattle of the plaintiff been damaged by the defendant? Answer yes or no.

"Special Issue No. 6: Were the acts of the defendant, if any, the proximate cause of the injury, if any, sustained by the cattle of the plaintiff? Answer yes or no.

"Special Issue No. 7: What amount of damages, if any, have the cattle of the plaintiff been damaged by the defendant? Answer in dollars and cents."

The jury answered special issues Nos. 1, 3, 5, and 6, in the affirmative; No. 2, $100; No. 4, $50; and No. 7, $350.

Opinion.

Appellant's contentions are: (1) That the court erred in permitting appellee to file his amended petition, after having sustained the general demurrer to his original petition; (2) that the amended petition stating a different cause of action from that first alleged, its exception thereto should have been sustained; (3) that the amended petition was subject to general demurrer; (4) that the allegations as to the damages to the fences, grass, and loss of weight of the cattle were conclusions of the pleader; (5) that a verdict should have been instructed in its favor; (6) that appellee, not being the owner of the fee in all the lands, could not recover for the permanent destruction of the grass; (7) that the evidence was insufficient to justify the giving or to support the findings of the jury

on the several issues as to damage to the fences, grass, or loss of weight by the cattle; and (8) that the verdict is excessive.

No briefs have been filed by appellee.

█ We are of the opinion that the filing of the amended petition was in the discretion of the trial court, and where there is no palpable abuse of such discretion appellate courts will not interfere. Altgelt v. Bank (Tex. Civ. App.) 79 S. W. 582; McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S. W. 278; San Antonio & A. P. R. Co., v. Miller (Tex. Civ. App.) 137 S. W. 1194; Schauer v. Von Schauer (Tex. Civ. App.) 138 S. W. 145; Trinity & B. V. R. Co. v. Crawford (Tex. Civ. App.) 146 S. W. 329; Guffey v. Bank (Tex. Civ. App.) 250 S. W. 301; El Paso Electric Ry. Co. v. Buttrey (Tex. Civ. App.) 260 S. W. 897, and that the court may in his discretion allow the pleading of a new and independent matter. El Paso Electric Ry. Co. v. Buttrey, supra; Glasscock v. Hamilton, 62 Tex. 143; Ann Berta Lodge v. Leverton, 42 Tex. 18.

█ The cause of action alleged in the amended petition was based upon the same trespass alleged in the original petition, and the difference found in the two petitions was merely as to the elements of damage sustained by him as a result of such trespass. The facts fail to show any such abuse of discretion as would warrant us in reversing the judgment.

Spencer v. Davis (Tex. Civ. App.) 298 S. W. 443, cited by appellant, was an action for breach of contract and, as the court said, it appeared on the face of appellant's petition that he had an action for nominal damages and no more.

Such is not true here, and we fail to see how the holding in that case has any application to the facts before us.

█ Nor do we think the court erred in overruling appellant's general demurrer to the amended petition.

█ Appellant interposed the following objection to the court's charge: "For the reason that the record in this case shows that the plaintiff was not the owner of all the lands in controversy but had only a surface lessee's rights therein and as such is not entitled to recover of this defendant damages for the permanent destruction of the grass upon the leased premises."

The court's action in overruling this objection is made the basis for appellant's fifteenth assignment of error and is presented in proposition number nine. Appellee in his amended petition alleged that he was the lessee of approximately one-half of the land upon which the trespass was alleged to have been committed, and the owner of the remainder. He further alleged that appellant's agents and employees had made new roads over the lands and permanently injured and destroyed twenty-five acres of grass.

The court submitted special issue No. 1 on the question of injury to the grass and in no way limited appellee's recovery to the damage to the grass alone. It is clear that appellee would have no right of action for damage to the land itself, except as to that part which he owned. Gulf, C. & S. F. Railway Co. v. Smith, 3 Tex. Civ. App. 483, 23 S. W. 89.

██ We are of the opinion that appellee, as far as the land he owned was concerned, could recover for the destruction of the grass and also for damage to the freehold resulting therefrom, Fort Worth & N. O. Railway Co. v. Wallace, 74 Tex. 581, 12 S. W. 227, but that, as to the land of which he was only the lessee, his recovery would be limited to the value of the grass.

█ This being true, then the issue as submitted, leaving the jury free to find for appellee both as to damage to the grass and freehold, was erroneous in view of his allegations and proof that the grass was permanently injured and destroyed.

It is true that the issue submitted merely inquired as to the damage to the grass, but appellee having alleged and testified that the grass was permanently destroyed, the jury should have been instructed that his recovery, as far as the leased land was concerned, could be only for the value of the grass and that they should not consider in fixing the amount of damage, any injury to the freehold.

[10] Appellant objected to the submission of special issue No. 7, as follows: "The defendant, Shell Petroleum Corporation, objects to Special Issue No. 7, prepared by the Court, wherein the jury is asked, 'what amount of damages, if any, have the cattle of the plaintiff been damaged by the defendant?' Answer in dollars and cents." (a) For the reason that the record in this case fails to contain any evidence to show the reasonable market value of plaintiff's cattle immediately before and the reasonable market value immediately after they were alleged to have been damaged by the acts of the defendant, its agents and employees; (b) for the reason that the record in this case fails to contain any evidence as to the amount of damages alleged to have been sustained by plaintiff's cattle.

It is contended under the twenty-first assignment of error that the court erred in submitting the said issue over the objection of appellant.

J. E. Parker, the appellee, was the only witness who testified as to the amount of damage to the cattle, and his evidence relative to that question was, in substance, that the cattle were worth $60 per head, and that, according to his estimate, 400 head of them lost fifteen pounds per head.

There is no evidence as to the market value of the cattle after the loss of weight or as to the amount such a loss would reduce the market price of them.

As we view the evidence, there was not sufficient data upon which the jury could have estimated the amount of damage to the cattle. The assignment must, therefore, be sustained.

Appellant has questioned the action of the trial court in overruling ·its several special exceptions to the amended petition.

We have examined the petition with reference to the exceptions interposed, and have concluded that the trial court did not err, with the possible exception of the one attacking the sufficiency of the allegations as· to the injury to the cattle.

 Appellee, before he will be entitled to recover, should allege and prove such facts as will enable a jury to estimate with certainty the amount of damage resulting to the cattle from the acts complained of.

Because of the errors above mentioned, the judgment must be reversed, and the cause remanded.