## WEST CENTRAL DRILLING CO. et al. v. MALONE.

### No. 2716.

Court of Civil Appeals of Texas. Eastland.

March 11, 1949.

McMahon, Springer & Smart and Grisham & King, all of Abilene, for appellants.

Bryan Bradbury, of Abilene, for appellee.

LONG, Justice.

Plaintiff John Malone was the surface lessee of approximately 160 acres of land in Jones County. W. D. Brookover was the lessee under an oil and gas lease covering said land and the defendant, West Central Drilling Company, entered thereon for the purpose of drilling an oil well under a contract with defendant Brookover. Plaintiff instituted this suit against Brookover and West Central Drilling Company for damages incurred as a result of such drilling operations. In answer to special issues, the jury found, (a) that the defendants knocked down a portion of the fence located on said land; (b) that the knocking down of said fence was negligence; (c) that as a result of said fence being knocked down, plaintiff's cattle got out; (d) that $70 would compensate plaintiff for his "trouble" and expense in driving said cattle back on the land and fixing up the fence; (e) that the defendants drove their equipment over the plaintiff's sudan patch at places other than where it was reasonably necessary to drive; (f) that the act of defendants in so driving their equipment over the sudan patch was negligence; (g) that $37.50 would reasonably compensate plaintiff for the sudan grass destroyed by defendants.

602

Judgment was for plaintiff for $107.50; from which defendants have appealed.

■ At the time plaintiff became a tenant on the land, the oil and gas lease in favor of Brookover was in full force and effect and there was one producing oil well on the land. A location had been made for a second well which fact was known to the plaintiff at the time he took possession of the land. In various ways defendants challenge the right of plaintiff to recover for damages to the fences on the land. Fences are a part of the real estate so long as they are affixed to the soil. 19 Tex.Jur., page 599. Plaintiff, a tenant, had no right of action for damages to the land. Shell Petroleum Corporation v. Parker, Tex.Civ.App., 37 S.W.2d 1064. Consequently the plaintiff could not recover for damage to the fences although under the law it was his duty to keep them in repair, such obligation does not extend to fences destroyed by a stranger without fault of the tenant. Gulf, C. & S. F. R. Co. v. Smith, 3 Tex.Civ.App. 483, 23 S.W. 89; 27 Tex.Jur., 340. The court erred in allowing any recovery by plaintiff for damage to the fences.

The court submitted the following special issue: "What amount of money would compensate plaintiff for his trouble and expense of driving said cattle back on his land and fixing up the fence?"

Plaintiff lodged many exceptions to the above issue. As has been heretofore stated, the plaintiff could not recover for damage to the fences on the land and the exceptions directing the court's attention to that portion of the issue that submitted such damages should have been sustained. The defendants objected to the issue on the grounds that same contained an improper measure of damages in that "trouble" is not a proper element of damages and leaves the jury to speculate as to what is meant by trouble and what should be taken into consideration in arriving at its answer. We are of the opinion that the exceptions should have been sustained.

In asking the jury to place a value on "trouble" the court left the jury without any guide as to what was meant by "trouble" as used in the charge. The jury, in answering such question, would no doubt resort to surmise and speculation as to what the court meant by trouble and as to what the jury was to take into consideration in answering the question. Under the issue submitted, the jury was authorized to award damages for plaintiff's "trouble" in "fixing up the fence." The landlord, not the tenant, is entitled to compensation for such damages, as caused by a third party.

■■ Defendants complain because the trial court refused to instruct the jury to return a verdict in their favor. We see no merit in this contention. The defendants had the right under the oil and gas lease, to enter and use the land to the extent reasonably necessary for the purpose of drilling the well. The lessee under the oil and gas lease owned the dominate estate in the land for the purpose of drilling for oil and gas and plaintiff, the subsequent lessee of the surface of the land, acquired his right thereto subject to the rights of the owner of the oil and gas lease. Sinclair Prairie Oil Co. v. Perry, Tex.Civ.App., 191 S.W.2d 484. However, defendants had no right to occupy and use the surface of the land to any extent more than was reasonably necessary for the purpose of drilling the oil well. Plaintiff was entitled to recover damages to the sudan grass growing on the land that resulted from the acts of defendants in using more of the land than was reasonably necessary in drilling the well. He was also entitled to recover damages incurred by reason of his cattle escaping from the land proximately caused by the negligent acts of the defendants. 58 C.J.S., Mines and Minerals, § 201(e); Summers Oil and Gas, Sec. 652; Grimes v. Goodman Drilling Co. et al., Tex.Civ.App., 216 S.W. 202; Pitzer & West v. Williamson, Tex.Civ.App., 159 S.W.2d 181; Cosden Oil Company v. Sides, et al., Tex.Civ. App., 35 S.W.2d 815.

By other points, defendants complain of the failure of the trial court to submit issues of proximate cause following issues of negligence. We suggest that on another trial that such issues, if raised by the evidence, be submitted.

Defendants contend the evidence is insufficient to support the finding of the jury that defendants drove their equipment over the plaintiff's sudan patch at places other than where it was necessary to travel. This case must be reversed for reasons heretofore discussed and we do not deem it necessary to pass upon this point.

The judgment of the trial court is reversed and the cause is remanded for a new trial.